**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tyrion S. Hodges (#2020-0201065), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-cv-06643 |
| v. | ) | |
| | ) | Judge John F. Kness |
| Dart, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants' motion (Dkt. 18) to "dismiss pursuant to Federal Rules of Civil Procedure 8(a), 10(b), and 12(e)," in which Defendants seek a more definite statement, is denied. Defendants must answer the amended complaint (Dkt. 13) on or before October 21, 2022. Defendants' motion was filed well past the due date for a responsive pleading; the Court could deny the motion on that basis alone. *See Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) ("Scheduling orders and court-imposed deadlines matter. We could fill page after page with citations to cases brought by prisoners that were dismissed for failing to follow court rules or deadlines. . . . If prisoners are held to that standard, their opponents should be too.") (internal citations omitted). But in any event, Defendants have not demonstrated that repleading is warranted. As the Court noted in its initial review order (Dkt. 12) concerning the amended complaint, the Court is obligated to construe *pro se* complaints liberally and to hold them "to a less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). With that in mind, the Court found that Plaintiff's allegations, even if occasionally voluminous and superfluous, sufficiently placed Defendants on notice of Plaintiff's claims of excessive force. Defendants now point to Rule 8(a) of the Federal Rules of Civil Procedure and to relevant precedent, but the Court applied those standards in its screening order under 28 U.S.C. § 1915A. There is no cause to revisit that earlier order. As the Court explained, all of Plaintiff's claims present the similar legal question of whether the uses of force were reasonable, and all the incidents allegedly occurred in Division 9 within a three-month period. Moreover, the Court dismissed any potential claims regarding other divisions. Defendants thus can reasonably prepare a response to the the amended complaint. Fed. R. Civ. P. 12(e); *Frazier v. U.S. Bank Nat. Ass'n*, No. 11 C 8775, 2013 WL 1385612, at *2 (N.D. Ill. Apr. 4, 2013). Finally, Plaintiff's motion for "production of documents" (Dkt. 19) is dismissed without prejudice in view of the relief provided in this order and Defendants' pending answer.

Date: September 29, 2022

_____
JOHN F. KNESS
United States District Judge