**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tyrion S. Hodges, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-cv-06643 |
| v. | ) | |
| | ) | Judge John F. Kness |
| Dart *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants' motion to deem request to admit as admitted (Dkt. 32) is denied. In the time since this motion was filed, Plaintiff has responded to Defendants' requests to admit (Dkt. 49). Plaintiff also submitted a response (Dkt. 53) to Defendants' motion in which he asserts that he has had difficulty receiving Defendants' filings in this case and that he has some mental health struggles. Although Plaintiff's response to the requests to admit (Dkt. 49) was tardy, and the Court thus could permissibly deem them admitted under Rule 36(a)(3) of the Federal Rules of Civil Procedure, the Court declines to take that step in view of Plaintiff's *pro se* status. *See Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) (courts have discretion in determining whether to permit withdrawal or amendment of a matter deemed admitted "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party"); *United States v. Turk*, 139 F.R.D 615, 617–18 (D. Md. 1991) (courts should generally be "reluctant to use Rule 36 . . . as a snare for . . . unwary pro se [litigants]"); *Davis v. Schott*, 2019 WL 2717207, at *2 (E.D. Wis. June 28, 2019) (declining to allow unanswered requests for admission as evidence for the purpose of summary judgment against *pro so* litigant).

Plaintiff's renewed motions (Dkt. 52, 55) for recruitment of counsel are denied for the reasons provided in the Court's earlier order (Dkt. 12), even though this case is currently at a more complex stage. Plaintiff states that he take many mental-health medications, but this is true for many prisoners (current or former). *See Burgess v. Hoem*, No. 18-cv-527, 2019 WL 1051012, at *3 (W.D. Wis. Mar. 5, 2019) ("[J]ust because [a plaintiff] struggles with mental health issues does not mean that the legal and factual difficulty of the case will exceed his ability to prosecute it."). Plaintiff has not described circumstances that suggest counsel should be recruited from the limited pool of attorneys who are eligible to represent indigent plaintiffs. *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020). Plaintiff is no longer incarcerated, meaning he is better able to seek representation on his own and conduct legal research. Plaintiff can also seek assistance from the Hibbler *Pro Se* Federal Court Help Desk, which connects *pro se* litigants with volunteer attorneys. Plaintiff may reach the Hibbler Help Desk by emailing hibbler@legalaidchicago.org.

Finally, Plaintiff's motions (Dkt. 47, 57) seeking status hearings are dismissed as moot in view of the status hearing held on September 18, 2023.

SO ORDERED in No. 20-cv-06643.

Date: September 28, 2023

JOHN F. KNESS
United States District Judge