IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYRION S. HODGES, | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-06643 |
| | ) | |
| v. | ) | Hon. John F. Kness |
| | ) | |
| COOK COUNTY SHERIFF THOMAS DART, R. PARKER, SUPT. L. IRACHERA, C. ZAMFIRESCU, T. RUSHER, J. HERNANDEZ, J. JUDKINS, J. CRUKAJ, M. SHEEHAN, E. DURAN, C. TORRES, T. BEYER, N. DRACA, R. KORKUS, F. RUIZOZ, M. STATLER, W. RIVERA, R. GARCIA, A. DUHARKIC, E. VILLARREAL, E. REIERSON, L. ROMAN, S. STROH, D. CONTORNO, J. BARAJAS, R. PASQUEL, J. PRETO, M. BORUS, and M. KOEDYKER, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**DEFENDANTS' MOTION FOR SANCTIONS
AGAINST PLAINTIFF TYRION S. HODGES**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, R. PARKER, SUPT. L. IRACHERA, C. ZAMFIRESCU , J. HERNANDEZ, J. JUDKINS, J. CRUKAJ, M. SHEEHAN, E. DURAN, C. TORRES, T. BEYER, N. DRACA, R. KORKES, F. RUIZOZ, M. STATLER, W. RIVERA, R. GARCIA, A. DUHARKIC, E. VILLARREAL, E. REIERSON, L. ROMAN, S. STROH, D. CONTORNO, J. BARAJAS, R. PASQUEL, J. PRETO, M. BORUS, and M. KOEDYKER (collectively, "Defendants"), by and through their attorneys Jason E. DeVore, and Troy S. Radunsky, of DeVore Radunsky LLC, pursuant to Fed. R. Civ. P. 30(d)(2), and for their Motion for Sanctions against Plaintiff Tyrion S. Hodges, state as follows:

#389266v1

**LEGAL STANDARD**

Under the law of this circuit, sanctions for discovery abuse are appropriate where there is a clear record of delay or improper conduct, and where other less drastic sanctions or admonishments have proven unavailing. *Domanus v. Lewicki*, 742 F.3d 290 (7th Cir. 2014).

**INTRODUCTION**

Plaintiff Tyrion Hodges' blatant disregard for and refusal to comply with this Court's rules and his abusive conduct toward Defendants' Counsel warrant sanctions. Plaintiff originally filed this case in 2022. (ECF Nos. 1-3.) Thereafter, he has chosen to miss several court appearances, interrupted court proceedings, ignored admonishments from this Court, and on September 18, 2023, caused this Court to summon numerous federal Marshalls to detain Plaintiff while holding him in contempt of court.

During the September 18, 2023, hearing, Plaintiff promised this Court that he would respect the rules of the Court and stop his abusive behavior in furtherance of Federal Rules of Civil Procedure and the rules of this Court. After receiving a notice of deposition, and agreeing to a time, date, and location, Plaintiff promptly broke his promise to the Court when his deposition ensued on December 4, 2023. At those deposition proceedings he berated Defendants' counsel while refusing to proceed with his deposition. He also suggested that he had wanted to take his deposition in person, despite the agreed upon date, time, and method of proceeding with his deposition.

Thereafter, on December 20, 2023, Plaintiff filed a frivolous, misleading Motion for Default Judgment unsupported by facts, or applicable rules or case law. Plaintiff's motion suggests that his belligerent behavior at the *attempted* deposition related to him feeling "overly disrespected" by counsel. (ECF No. 70) As discussed below and shown in Plaintiff's deposition

2

transcript, Plaintiff immediately attacked Defendants' counsel when he was asked to appear on camera so the deposition could begin. Defendants' Response to Plaintiff's Motion for Entry of Default Judgment is forthcoming.

The totality of Plaintiff's behavior throughout the course of this case, including his December 4, 2023, tirade in violation of Fed. R. Civ. P. 30(d)(2), merit sanctions to be issued against Plaintiff. Accordingly, Defendants seek sanctions up to and including dismissal of this case.

Plaintiff's History of Misconduct

Plaintiff has a history of missed deadlines and court appearances in in this matter. This Court admonished Plaintiff that his case may be "dismiss[ed] with prejudice for failure to prosecute." (*See* ECF No. 43 (January 17, 2023, court appearance)) During an August 31, 2023, court appearance, this Court warned Plaintiff that his "case may be dismissed for want of prosecution if Plaintiff fails to appear." (ECF No. 63.)

During the first appearance following this Court's August 31, 2023, admonishment, Plaintiff appeared for the September 18, 2023, hearing, and repeatedly disrupted the proceedings. Plaintiff's antics included continually interrupting Judge Kness and speaking in the court room well after the hearing had ended. Ultimately, Plaintiff was held in contempt of court for his belligerent actions and detained by numerous federal marshals until he was able to calm down.

When the September 18, 2023, hearing concluded, Plaintiff apologized to this Court, acknowledged his improper behavior, and committed to adhering to the rules of this Court and acting with respect for this Court and the litigants. (*See* ECF No. 64.) This Court's order reflects that Plaintiff was held "in contempt for certain in-court conduct [and] . . . an oral admonishment was sufficient to address the matter and thus imposed no sanction." (ECF No. 64.)

#389266v1

Plaintiff seized his first opportunity to break his September 18 promise to the Court on December 4, at his properly noticed deposition. Plaintiff began his December 4, 2023, deposition by repeatedly yelling and berating Defendants' counsel while refusing to proceed with the questioning. The deposition was prematurely terminated (in under 5 minutes) based upon Plaintiff's behavior and refusal to proceed. (*See* Deposition Transcript of Plaintiff, attached hereto as **Exhibit A**.) Plaintiff's antics were particularly surprising, given that he agreed to the date and method of deposition. (*See* Notice of Deposition and Emails with Plaintiff Serving Same and Confirming Attendance, attached hereto as **Exhibit B**.) Plaintiff was well aware he was attending his own deposition:

> Q: Ok. We're going to move for sanctions and for costs. We're also going to move to have the case dismissed and for a protective order to do this deposition in front of the judge if necessary[.]
>
> A: I wanted that anyway. ... I always wanted it in person anyways. Fine. Fuck what you talking about.

(Ex. A, 5:20-6:3.)

During Plaintiff's profanity laced tirade, he stated: "No. This ain't my job. Fuck you talking about all that I talk to you professionally? Shit, n***er. Fucking shut up. Who is you? *You not the judge*. Fucking you shut your ass up." (*Id.* at 4:8-12.) Plaintiff began his attacks on counsel from the moment the deposition began while the court reporter scrambled to make a record. Plaintiff initially refused to show his face, despite the deposition being recorded, and reacted violently when he was asked to appear on camera for the court reporter. As the court reporter began, Plaintiff informed Defense counsel that "You don't run shit over there, n***er." (*Id.* at 3:3-4.) In response, Defense counsel confirmed with the court reporter that the parties were on the record and Plaintiff

4

replied: "Yeah, make sure we get all this on the record. You don't run shit over there. You the opposing party. Whoever you is, you're not my lawyer. You don't talk to me any type of way. Fuck is you talking about? Man, n***er." (*Id.* at 3:5-14.) Plaintiff then continually referred to Defense Counsel as "bitch ass n***er[s]." (*Id.* at pp. 4, 6, 7.) Plaintiff's obscene behavior was captured on the video recording from the court reporter. (*See* Video Recording (4 min. 26 sec.) of Plaintiff's December 4, 2023, Deposition, attached as **Exhibit C**.)

Relatedly, Plaintiff's claims in his Motion for Default Judgment of having "mental health, diagnosis of mood swings and bipolar, chronic depression" and "diagnosis of PTSD" are baseless. (ECF No. 70, p. 2.) This is the first instance of Plaintiff making such claims to this Court. Plaintiff has never claimed this to be an issue in the past and has not offered up any evidence or indication of this being the case to date.

It is apparent that Plaintiff understands the rules but has no desire to follow them. It is also apparent that Plaintiff understands the need to litigate his own case and cooperate with Defense Counsel but has no desire to do so. Instead, Plaintiff attends court when he wishes, files unnecessary pleadings with no basis in federal law, and has shown a pattern of outbursts in and out of court.

Plaintiff's belligerent behavior and attempts to intimidate Defense Counsel cannot be tolerated. Plaintiff's conduct was outrageous and hostile. Federal District Courts have rules and cannons of ethics, specifically designed to ensure civility and professionalism among counsel and witnesses. Professional conduct and safety of litigants is taken seriously by our courts and violations can result in drastic remedies, including dismissal. Accordingly, Defendants ask this Court to sanction Plaintiff Tyrion Hodges, and dismiss this matter.

## ARGUMENT

#389266v1

I. **This Court Should Issue Sanctions Against Plaintiff for the Totality of his Conduct, but Particularly for his Conduct at his Deposition**

The Seventh Circuit has noted in similar circumstances that there are three sources from which sanction of a plaintiff's bad faith conduct in litigation and discovery, particularly in relation to misconduct in depositions, is justified: (1) "the court's inherent powers" ("sanctions issued under the court's inherent powers are justified if the offender willfully abuses the judicial process or litigates in bad faith."); (2) Fed. R. Civ. P. 37 ("Federal Rule of Civil Procedure 37 permits sanctions, including dismissal, when a party 'fails to obey an order to provide or permit discovery.'"); and (3) Fed. R. Civ. P. 30(d)(2) ("under [30(d)(2)], a court may impose sanctions if a deponent "impedes, delays, or frustrates [his] fair examination."). *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019) (internal citations omitted); *see also Emerson v. Dart*, 900 F.3d 469, 473 (7th Cir. 2018). Sanctions under Fed. R. Civ. P. 30(d)(2) specifically apply for misconduct at deposition.

Each of the foregoing sources supports sanctions for bad faith conduct. *Id.* (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001)). This Court has explicit authority to make a finding regarding Plaintiff's improper conduct, even without waiting for a motion from Defendants. *Donelson*, 931 F.3d at 569; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991); *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005).

This Court considers several factors in determining whether sanctions, including dismissal, are proportionate to the circumstances at hand. *See Nelson v. Schultz*, 878 F.3d 236, 238–39 (7th Cir. 2017); *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 499–500 (7th Cir. 2008). These include "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." *Donelson*, 931 F.3d at 569; *see also Pendell v. City of Peoria*, 799

F.3d 916, 917 (7th Cir. 2015); *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699–700 (7th Cir. 2014); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011).

In *Donelson*, the Seventh Circuit found that a pro se plaintiff's bad faith behavior in litigation, including in deposition, was enough to warrant the sanction of dismissal. *Donelson*, 931 F.3d at 565. The *Donelson* plaintiff pretended to be confused by questioning in his deposition, which the court noted to be clearly false and in bad faith, as "the deposition transcript from [his] other case show[ed] that he could readily answer similar questions." *Id.* at 569. He was also extremely evasive with questioning and interrupted with nonsense questions during the deposition proceedings. *Id.* The *Donelson* plaintiff had also displayed similar behaviors throughout discovery, and likewise made continuous false assertions that parties had failed to respond to his document requests, where the court had repeatedly affirmed this not to be the case. *Id.* at 567.

The *Donelson* Court also explicitly noted that the harm from the plaintiff's actions was "substantial" and particularly egregious, because "[b]y lying to avoid giving evidence, [plaintiff] essentially falsified testimony." *Id.* at 570. These factors together were enough to show the plaintiff's bad faith, and to warrant dismissal as a sanction, as explicitly affirmed by the Seventh Circuit. *Id.*

Here, there is no question that Plaintiff's conduct warrants sanctions – particularly dismissal. Plaintiff has repeatedly disrespected the litigation process and the rules of this court. He has disrespected the standards of decorum expected of litigants in a federal courtroom and in front of a presiding federal district court judge. He has wasted both Defense Counsel's and the Court's time and attention in repeatedly missing hearings and deadlines and continuing to falsely insist there to be outstanding discovery requests to this Court, without ever explicitly explaining or stating the same to Defendants. His conduct at his deposition was just the cherry on top of all this,

though especially poignant in light of his recent promise to Judge Kness at the conclusion of the September 18, 2023, hearing, that he would commit himself going forward to litigating his case in conformity with the Court's rules and in a respectful manner. (*See* ECF No. 64.). That was an empty promise. The likelihood of Plaintiff engaging in further improper conduct is significant.

Much like in *Donelson*, Plaintiff's most recent conduct completely derailed his deposition, wasting municipal funds. Plaintiff refused to answer a single question, and instead engaged in threatening, obscene, profane, and belligerent behavior, all of which was prompted merely by the request that his face be visible for the video recorded deposition. The *Donelson* Court noted that deposition halting behavior is akin to "lying to avoid giving evidence[,]" or even akin to "falsified testimony." 931 F.3d at 569. Plaintiff's refusal to proceed with his deposition while using profanity and threats toward Defense Counsel is tantamount to avoiding providing Defendants any evidence. Plaintiff's threats and profanity during his deposition are bad faith conduct. *See Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997).

The Seventh Circuit has also found on numerous other occasions that "deliberate frustration of Defendants' discovery attempts" at deposition is sanctionable conduct. *Castillo v. St. Paul Fire & Marine Ins. Co.*, 938 F.2d 776, 776-79 (7th Cir. 1991) (sanctioning plaintiff and his counsel for their conduct at deposition that the Court referred to as "the most outrageous example of evasion and obfuscation that I have seen in years," and a "deliberate frustration of Defendants' attempt to secure discovery."); *see also Godlove v. Bamberger*, 903 F.2d 1145 (7th Cir. 1990); *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007); *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096-97 (9th Cir. 2007).

Sanctions for discovery abuse in particular are appropriate where there is a clear record of delay or improper conduct, and where other less drastic sanctions or admonishments have proven

unavailing. *Domanus v. Lewicki*, 742 F.3d 290 (7th Cir. 2014). Misconduct in litigation in general by pro se detainees is not tolerated by federal courts. *Fulks v. Watson*, Case No. 22-3308, 2023 WL 8614099 (7th Cir. Dec. 13, 2023). The circumstances at hand reflect a "clear record" of repeated improper conduct, and repeated warnings that Plaintiff ignored. That cannot be allowed.

     It also can be said that the risk of these issues continuing to occur in the future is great without application of sanctions by this Court. Professional conduct and the safety of litigants is taken seriously by our courts and violations can result in drastic remedies, including dismissal. If this Court's condones Plaintiff's behavior, or its sanction results in a mere admonishment of Plaintiff's behavior, it cannot be assured that Counsel for Defendants, our court reporter, or videographer, will be safe the next time we deal with Plaintiff in person. This Court itself directly feared for the safety of those present during Plaintiff's outburst at the September 18, 2023, hearing, where federal Marshalls needed to be called in to hold Plaintiff until he calmed down. In light of Plaintiff's behavior on the record, safety of those involved poses a great concern. Accordingly, Plaintiff had a chance to do his deposition remotely in light of these worries, but instead "deliberately frustrat[ed] ... Defendants' discovery attempts" by preventing the deposition from continuing. *Castillo*, 938 F.2d at 779. If Plaintiff cannot be deposed, then he cannot participate in discovery, therefore dismissal for want of prosecution is appropriate. *See George v. Amgen, Inc.*, No. 18 C 6421, 2021 WL 1088303 (N.D. Ill. Mar. 22, 2021) (dismissal for want of prosecution of plaintiff for refusal to participate in discovery); *see also Patel v. Brennan*, Case No. 18-1443, 2022 WL 16636922 (C.D. Ill. Nov. 2, 2022) (dismissal appropriate for plaintiff's refusal to participate in discovery and deposition); *Fulks v. Watson*, Case No. 22-3308, 2023 WL 8614099 (7th Cir. Dec. 13, 2023).

#389266v1

Sanctions are appropriate here, including dismissal of Plaintiffs' suit and costs for Plaintiff's deposition.

## II. This Court Should Also Issue Sanctions Against Plaintiff for his Frivolously Filed Motion for Default Judgment

Plaintiff has a clear, continuing record of conduct unbecoming of a litigant in this Court. This pattern continued with the Plaintiff's Motion for Default Judgment, which relies on untruths and inapplicable state law, as opposed to federal law. Plaintiff cannot pick and choose the rules he will follow, and his most recent motion is not appropriate. Plaintiff should be sanctioned for his actions.

Sanctions are appropriate where there is a clear record of delay or improper conduct, and where other less drastic sanctions or admonishments have proven unavailing. *Domanus*, 742 F.3d at 290. Plaintiff's "clear record" of repeated conduct cannot be allowed to continue. Sanctions are appropriate to end Plaintiff's abusive acts. Defendants request reimbursement of costs and attorney's fees incurred in responding to his frivolous Motion for Default Judgment.

## CONCLUSION

Plaintiff's conduct cannot be tolerated. Litigants are required and expected to proceed with professionalism and respect, while following all applicable rules of professional conduct, local court rules, and the Federal Rules of Civil Procedure, along with common standards of decency. Plaintiff has refused to follow these rules. Neither Defense Counsel, nor this Court, should have to expend additional time, energy, and money while Plaintiff flouts the rules and refuses to proceed in a respectful, productive manner.

WHEREFORE Defendants, COOK COUNTY SHERIFF THOMAS DART, R. PARKER, SUPT. L. IRACHERA, C. ZAMFIRESCU, J. HERNANDEZ, J. JUDKINS, J. CRUKAJ, M. SHEEHAN, E. DURAN, C. TORRES, T. BEYER, N. DRACA, R. KORKES, F. RUIZOZ, M.

STATLER, W. RIVERA, R. GARCIA, A. DUHARKIC, E. VILLARREAL, E. REIERSON, L. ROMAN, S. STROH, D. CONTORNO, J. BARAJAS, R. PASQUEL, J. PRETO, M. BORUS, and M. KOEDYKER, respectfully request that this Court enter an order as follows:

1. Granting Defendants' Motion for Sanctions against Plaintiff, Tyrion S. Hodges;

2. Dismissing all of Plaintiff's claims against Defendants;

3. Granting Defendants Costs expended in attempting to take Plaintiff's Deposition and ordering its Transcript; and

4. Any other relief deemed appropriate by this Court.

Respectfully Submitted,

By: */s/ Jason E. DeVore*
Attorney for Defendants
Jason E. DeVore (ARDC # 6242782)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that the above Motion for Sanctions Against Plaintiff Tyrion Hodges was filed on January 2, 2024, with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/Zachary Stillman*
Zachary Stillman

11

#389266v1