# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYRION S. HODGES, | ) | |
|     Plaintiff, | ) | Case No. 1:20-cv-06643 |
| | ) | |
| v. | ) | Hon. John F. Kness |
| | ) | |
| COOK COUNTY SHERIFF THOMAS DART, R. PARKER, SUPT. L. IRACHERA, C. ZAMFIRESCU, T. RUSHER, J. HERNANDEZ, J. JUDKINS, J. CRUKAJ, M. SHEEHAN, E. DURAN, C. TORRES, T. BEYER, N. DRACA, R. KORKUS, F. RUIZOZ, M. STATLER, W. RIVERA, R. GARCIA, A. DUHARKIC, E. VILLARREAL, E. REIERSON, L. ROMAN, S. STROH, D. CONTORNO, J. BARAJAS, R. PASQUEL, J. PRETO, M. BORUS, and M. KOEDYKER, | ) ) ) ) ) ) ) ) ) ) ) ) | |
|     Defendants. | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, R. PARKER, SUPT. L. IRACHERA, C. ZAMFIRESCU , J. HERNANDEZ, J. JUDKINS, J. CRUKAJ, M. SHEEHAN, E. DURAN, C. TORRES, T. BEYER, N. DRACA, R. KORKES, F. RUIZOZ, M. STATLER, W. RIVERA, R. GARCIA, A. DUHARKIC, E. VILLARREAL, E. REIERSON, L. ROMAN, S. STROH, D. CONTORNO, J. BARAJAS, R. PASQUEL, J. PRETO, M. BORUS, and M. KOEDYKER (collectively, "Defendants"), by and through their attorneys Jason E. DeVore, and Troy S. Radunsky, of DeVore Radunsky LLC, and for their Response in Opposition to Plaintiff's Motion for Default Judgment, filed by Plaintiff pursuant to 735 ILCS 5/2-1301(b), state as follows:

## INTRODUCTION

Plaintiff's Motion for Default Judgment is improper for several reasons and must be stricken. First, Defendants are not in default. Second, the motion is brought pursuant to state, not federal rules. Third, Plaintiff's motion is brought for the improper purpose of attempting to combat and disguise his refusal to participate in this case in a fair, ethical, and respectful manner.

Plaintiff filed a lawsuit in 2022 related to allegations of use of excessive force at the Cook County Jail. Since that time, Defendants timely filed responsive pleadings, diligently answered written discovery, appeared at every court appearance, and complied with every court order. Conversely, Plaintiff has engaged in a pattern of abusive misconduct throughout the case, culminating in his outrageous conduct at his December 4, 2023, deposition, for which the defendants intend to seek sanctions in a separate forthcoming motion. (*See* Deposition Transcript of Plaintiff, attached to Defendants' Motion for Sanctions as Exhibit A, ECF No. 72-1, incorporated hereto as **Exhibit A**.)

Nevertheless, despite his troubled history, Plaintiff has continued to engage in a pattern of misconduct, and now has brought forth a baseless Motion for Default Judgment, under an inapplicable state statute, alleging mistruths as facts. As such, Plaintiffs' Motion must be denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of judgment by default under Fed. R. Civ. P. 55(b). *FTC v. 120194 Canada, Ltd.,* No. 04-7204, 2007 U.S. Dist. LEXIS 12657, *25 (N.D. Ill. Feb. 12, 2007) ("Once there has been an entry of default under Rule 55(a), a district court

possesses the discretion under Rule 55(b)(2) to enter a default judgment."). *See also* 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

## ARGUMENT

### I. 735 ILCS 5/2-1301(b) Is Inapplicable

Plaintiff's Motion should be dismissed where it incorrectly relies upon inapplicable state law to support his motion. Plaintiff brings his Motion for Default Judgment pursuant to 735 ILCS 5/2-1301(b). Pursuant to the Federal Rules of Civil Procedure, Motions for Default Judgment must be brought under Rule 55. Fed. R. Civ. P. 55 (allowing a party to seek entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]"). Plaintiff's failure to bring his motion under Rule 55 is fatal. Cite? However, even if brought properly under Rule 55, Defendants' conduct has in no way merited entry of default judgment – Defendants have satisfied their obligations to plead and defend this case, including filing their Answer and Affirmative Defenses on October 20, 2022. (ECF No. 24.)

The cited Illinois state statute is inapplicable in federal court. There are no state claims at issue. The only proper mechanism to file a motion for default judgment in Federal Court is under Federal Rule of Civil Procedure 55. *See U.S. v. Di Mucci*, 879 F.2d 1488 (7th Cir. 1989); *see also Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942 (7th Cir. 2020). Even if this were a proceeding over a state claim, the cited statute, 735 ILCS 5/2-1301(b) would not apply in the instant scenario. Section 1301(b) deals with a determination in favor of the plaintiff as to the truth of validity of a defense in abatement. *Id.*

The parties in this matter are far past the pleading stage, with Plaintiff's deposition having been attempted on December 4, 2023 (*unsuccessfully*, as a result of Plaintiff's belligerent behavior and usage of profanity impeding progress). (*See* Ex. A.) Plaintiff refers to this occurrence in his motion as "me[e]t[ing] with counsel of defendants[,]" where he states that he "fell [sic] overly disrespected by their tone and tactics of manipulation." (ECF No. 70.) As can be seen from the transcript, the opposite is true: Plaintiff's disrespectful behavior prevented anything from occurring, with Plaintiff repeatedly engaging in profanity laced tirades and insulting Counsel for Defendants until the deposition had to be prematurely concluded. (*See* Ex. A.) Additionally, Plaintiff's assertion that he was unaware of what his deposition was or did not know that it was going to be occurring should also be rejected. Plaintiff personally agreed to the date of his deposition. (*See* Notice of Deposition and Emails with Plaintiff Serving Same and Confirming Attendance, attached to Defendants' Motion for Sanctions as Exhibit B, ECF No. 72-2, incorporated hereto as **Exhibit B**.)

Except for some circumstances where a federal district court sits in diversity jurisdiction, state law is not binding on its decisions or rulings. *See e.g., Hanna v. Plumer*, 380 U.S. 460 (1965); *Huddleston v. Dwyer*, 322 U.S. 232 (1944); *Houben v. Telular Corp.*, 309 F.3d 1028 (7th Cir. 2002); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, state statutes concerning procedural matters in litigation, such as 735 ILCS 5/2-1301(b), are inapplicable and are not binding on this federal court. Plaintiff's baseless Motion for Default Judgment should be denied.

II. **Default Judgment is Inappropriate as Defendants Have Complied with All Court Orders**

Even if this motion were properly brought pursuant to Rule 55, Plaintiff has no evidence supporting entry of default judgment. Defendants have satisfied all obligations to plead and defend this case and have complied with all of this Court's orders. Plaintiff's Motion is baseless.

4

Plaintiff attempts to provide a procedural history to bolster his contentions but mischaracterizes most of the procedural history and nearly all of Defendants' actions, while hiding his own misconduct and malfeasance. Notably, Plaintiff failed to appear at several court appearances, verbally abused counsel that forced the early termination of plaintiff's deposition and was physically restrained by federal marshals and removed from the courtroom at the court appearance immediately preceding plaintiff's deposition.

Now, Plaintiff incorrectly argues, "it has been a total of six months with no response from the defendant's council [sic]. Plaintiffs feel defendants counsel is refusing to file a response causing delay in civil proceedings." (ECF. No. 70, p.2) He further states that, "without all discovery materials, which should have been disclosed by Defendant's counsel[,]" he "is being hindered from demanding trial." (ECF No. 70, p.2) None of this is true.

Defendants have timely filed their responsive pleadings, disclosed all responsive documents, and have complied with every court order to date, in good faith. In fact, Defendants have repeatedly sent Plaintiff the same discovery responses multiple times, including on February 3, 2023, after the Court requested it be sent again after Plaintiff's complaints about not receiving them. During subsequent phone calls with Defense Counsel following that hearing, Plaintiff stated that he had all of the materials but could not view the videos which were provided both via CD and DropBox. Plaintiff has insisted he is unable to access these, despite being repeatedly informed of how to view the content. *See Luelle v. Wexford Health Sources, Inc*., 2020 WL 4805450, 19-cv-151 (S.D. Ill. 2020) ("As the adage goes, 'you can lead a horse to water but you can't make him drink.'"). If Defendants have not produced the required discovery or pleadings, Plaintiff would have surely filed a motion to compel, but he has not done so to date.

5

It is disingenuous for Plaintiff to now contend that he is missing discovery when it has been sent to him on multiple occasions and in multiple formats. Defendants have satisfied their burden under the federal rules and complied with this Court's Orders such that Plaintiff's Motion for Entry of Default Judgment should be denied. Additionally, Plaintiff's Motion should be further denied since a Motion for Entry of Default Judgment was never the proper avenue for resolution of Plaintiff's alleged discovery issues.

At this point, Plaintiff's vague and dubious claims of Defendants' lack of "due diligence" should be summarily rejected by this Court. To date, Defendants have fully complied with the Court's order and their discovery obligations. Plaintiff's specious motion must be denied.

## **CONCLUSION**

Plaintiff's Motion for Entry of Default Judgment against Defendants is without merit. Defendants are not in default. They have responded to the Complaint, complied with written discovery, and complied with every court order. By contrast, Plaintiff's Motion is meritless, filed in bad faith, and is largely representative of his pattern of misconduct. Plaintiff's Motion should be denied, and his request for sanctions against Defendants denied as improper.

WHEREFORE Defendants, COOK COUNTY SHERIFF THOMAS DART, R. PARKER, SUPT. L. IRACHERA, C. ZAMFIRESCU, J. HERNANDEZ, J. JUDKINS, J. CRUKAJ, M. SHEEHAN, E. DURAN, C. TORRES, T. BEYER, N. DRACA, R. KORKES, F. RUIZOZ, M. STATLER, W. RIVERA, R. GARCIA, A. DUHARKIC, E. VILLARREAL, E. REIERSON, L. ROMAN, S. STROH, D. CONTORNO, J. BARAJAS, R. PASQUEL, J. PRETO, M. BORUS, and M. KOEDYKER, respectfully request that this Court enter an order as follows:

1. Denying Plaintiff's Motion for Default Judgment;

2. Denying Plaintiff's Request for Sanctions against Defendants' Counsel;

3. Denying Plaintiff's Request for Appointment of an Attorney;

4. Issuing Sanctions Against Plaintiff Tyrion Hodges for Frivolous Conduct; and

5. Any other relief deemed appropriate by this court.

                          Respectfully Submitted,

By:   */s/ Troy S. Radunsky*
       One of the Attorneys for Defendants

       Troy S. Radunsky (ARDC # 6269281)
       Jason E. DeVore (ARDC # 6242782)
       Zachary G. Stillman (ARDC # 6342749)
       DeVore Radunsky LLC
       230 W. Monroe Street, Ste. 230
       Chicago, IL 60606
       (312) 300-4479 telephone
       tradunsky@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that the above Response to Plaintiff's Motion for Default Judgment was filed on January 9, 2024, with the Northern District of Illinois ECF System, serving a copy on all parties.

                        */s/Zachary Stillman*

                        Zachary Stillman