IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRION S. HODGES, ) | |
| Plaintiff, ) | Case No. 1:20-cv-06643 |
| ) | |
| v. ) | Hon. John F. Kness |
| ) | |
| COOK COUNTY SHERIFF THOMAS ) | |
| DART, R. PARKER, SUPT. L. ) | |
| IRACHERA, C. ZAMFIRESCU, ) | |
| T. RUSHER, J. HERNANDEZ, ) | |
| J. JUDKINS, J. CRUKAJ, M. ) | |
| SHEEHAN, E. DURAN, C. TORRES, ) | |
| T. BEYER, N. DRACA, R. KORKUS, ) | |
| F. RUIZOZ, M. STATLER, W. RIVERA, ) | |
| R. GARCIA, A. DUHARKIC, ) | |
| E. VILLARREAL, E. REIERSON, ) | |
| L. ROMAN, S. STROH, D. CONTORNO, ) | |
| J. BARAJAS, R. PASQUEL, J. PRETO, ) | |
| M. BORUS, and M. KOEDYKER, ) | |
| Defendants. ) | |

**DEFENDANTS' AMENDED REPLY IN SUPPORT OF THEIR MOTION
FOR SANCTIONS AGAINST TYRION S. HODGES**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, R. PARKER, SUPT. L. IRACHERA, C. ZAMFIRESCU, J. HERNANDEZ, J. JUDKINS, J. CRUKAJ, M. SHEEHAN, E. DURAN, C. TORRES, T. BEYER, N. DRACA, R. KORKES, F. RUIZOZ, M. STATLER, W. RIVERA, R. GARCIA, A. DUHARKIC, E. VILLARREAL, E. REIERSON, L. ROMAN, S. STROH, D. CONTORNO, J. BARAJAS, R. PASQUEL, J. PRETO, M. BORUS, and M. KOEDYKER (collectively, "Defendants"), by and through their attorneys Jason E. DeVore and Troy S. Radunsky of DeVore Radunsky LLC, pursuant to Northern District of Illinois Local Rule 78.3 and Federal Rule of Civil Procedure 30(d)(2), and for their Reply in Support of their Rule 30(d)(2) Motion for Sanctions Against Plaintiff Tyrion Hodges, states as follows:

**Background**

1

1. During the entirety of this case, Plaintiff has repeatedly missed court-ordered deadlines. (*see* ECF No. 45 (Plaintiff was permitted over 3 months to respond to Defendants' Motion to Deem Requests to Admit as Admitted); ECF No. 63 ("case may be dismissed for want of prosecution if [he] fails to appear" again).)

2. On February 5, 2024, this Court ordered Plaintiff to respond to Defendant's Motion by February 19, 2024, with Defendants Reply then being filed by February 26, 2024. (ECF No. 77.) Plaintiff failed to file any response by February 19, 2024, as ordered by the court. Plaintiff did not timely file a Response in Opposition to Defendants' Motion for Sanctions Against him.

3. On February 23, 2024, Plaintiff emailed to Counsel for Defendants a two-page response styled document that attempts to explain away his behavior to the court. (*see* Plaintiff's 2.23.24 Response, attached hereto as **Exhibit A**.) Previously, Plaintiff failed to timely file a reply in support of his Motion for Default Judgment against Defendants. (ECF No. 71.) Defendants timely filed their Response on January 9, 2024. (ECF No. 76.)

## Argument

4. Plaintiff's belligerent behavior and disregard for this Court's orders warrant sanctions against him.

5. Local Rule 78.3 authorizes this Court to grant all relief requested in Defendants' Motion without further hearing, based upon Plaintiff's failure to respond to Defendants' Motion pursuant to the Court's ordered briefing schedule.

6. "Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing." N.D. L.R. 78.3.

7. Local Rule 78.3 is intended to ensure to efficient administration over pending motions by the Court. Where a party fails to respond pursuant to a Court's briefing schedule, neither the moving party nor the Court can timely assess the grounds for the recalcitrant party's conduct and the efficient administration of justice is thereby jeopardized. *Kirth v. Hildegard*, Case No. 03-cv-03419, 2004 WL 2174391 (N.D. Ill. May 11, 2004).

8. No hearing is necessary to address the issues raised in Defendants' Motion.

9. The totality of Plaintiff's conduct is unacceptable in the United States District Court for the Northern District of Illinois. Plaintiff's repeated willful disregard of this Court's decorum, procedure, and deadlines shows that he has functionally "abandoned his claims," justifying dismissal under Fed. R. Civ. P. 41(b). *Gaines v. Hill*, No. 22-cv-01112-JPG, 2023 WL 5831710, *3 (S.D. Ill. Sept. 8, 2023) (noting failure to respond to Motion for Sanctions as final straw in granting dismissal pursuant to Rule 41(b) for Party's persistent failures to adhere to Court orders and deadlines in discovery); *see also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).

10. Even if this Court takes into consideration Plaintiff's untimely Response, none of his contentions excuse his behavior and actions.

11. Plaintiff falsely claims in his Response that there remains a pending motion for attorney representation, for which the ruling was allegedly "postponed due to [Plaintiff's] medical and mental disability." (Ex. A.) This could not be further from the case. To the contrary, this Court denied Plaintiff's most recent Motion for Attorney Representation on September 29, 2023. (*see* ECF No. 65.) There was no mention of postponement for Plaintiff's medical and mental disabilities. (*Id.*)

12. Plaintiff also falsely claims in his Response that Counsel for Defendants was "being disrespectful to [him] and talking to [him] as [if] [he] [was] no one[,] [and] manipulating the video,

3

not showing [Defense Counsel] antagonizing [him]. (Ex. A.) The entire transcript and video of the attempted deposition of Tyrion Hodges has been shared with the Court, and Defendants invite the Court to make its own observations of the proceedings. This Court will not find that Defendants "[r]ais[ed] [their] voice in an aggressive tone" with Plaintiff to any extent. (Ex. A.) In fact, Plaintiff himself was agitated and aggressive from the moment he entered the deposition, and his allegations more aptly describe the conduct exhibited by him during the proceedings.

13. Plaintiff further claims in the Response that he has PTSD and does not "feel comfortable talking to you or anyone." (Ex. A.) While Defendants are unsure exactly to whom Plaintiff directs his "you," it is deeply concerning to Defendants that Plaintiff seemingly wishes to litigate this case without being willing to speak to the court or other party in any capacity. There is no PTSD based defense to the prospect of continuing litigation. If Plaintiff does not wish to communicate with the Court or parties, nor litigate his case, it should be dismissed.

14. Finally, Plaintiff claims in his Response that the Defendants have "not sent the documents for [Plaintiff] to respond to anything recent," as Plaintiff believes he has "made it clear ... multiple times that [he] cannot see the file[.]" (Ex. A.) However, Plaintiff has filed numerous notices of change of address and given his email to this Court numerous times. (*see* ECF Nos. 43, 44, 56, and 66-69.) Additionally, he himself has acknowledged that he is a recipient of the email notice correspondence from this Court. (*see* February 20-21, 2024, Email Correspondence with Plaintiff Tyrion Hodges, attached hereto as **Exhibit B**.) Further, where Plaintiff has advised of issues accessing documents from this Court, as in Plaintiff's February 20, 2024, email to Counsel for Defendants, Defendants have responded with open willingness to assist and facilitate his access, including specifically requesting he advise of what he was trying to review and having issues with. (*see* Ex. B at 2.) Plaintiff's failure to engage with Defendants' willingness to assist

can be seen when he fails to reply with any specific identification of needed documents or materials, instead simply responding that Defendants should "send the documents PDF I'm not attorney I don't have access to that portal once again." *(Id.)*

15. On February 26, 2024, immediately following Counsel for Defendants' filing of the initial version of this Motion, copies of all filings were sent to Plaintiff via email pursuant to his claimed difficulties receiving documents in his untimely response. (February 26, 2024, Email Correspondence with Plaintiff, attached hereto as **Exhibit C.**)

16. His response to Counsel was as follows:

*Why are you insisting that? I am not trying to access the portal you dumb ass people That's exactly why I cursed you out the first time you think I'm playing around and you're irritating I'm Recovering*

(Ex. C.)

17. Plaintiff himself states that he has no interest in accessing the PACER system, as opposed to his earlier contentions that he was having difficulties. Further, this correspondence exhibits yet another occurrence of Plaintiff's bad faith and abusive behavior to other litigants and before this Court.

18. Accordingly, it is appropriate to grant Defendants' Motion without a hearing, and Plaintiff's claims should be dismissed.

WHEREFORE, pursuant to Local Rule 78.3 and Federal Rule of Civil Procedure 30(d)(2), Defendants, COOK COUNTY SHERIFF THOMAS DART, R. PARKER, SUPT. L. IRACHERA, C. ZAMFIRESCU, J. HERNANDEZ, J. JUDKINS, J. CRUKAJ, M. SHEEHAN, E. DURAN, C. TORRES, T. BEYER, N. DRACA, R. KORKES, F. RUIZOZ, M. STATLER, W. RIVERA, R.

GARCIA, A. DUHARKIC, E. VILLARREAL, E. REIERSON, L. ROMAN, S. STROH, D. CONTORNO, J. BARAJAS, R. PASQUEL, J. PRETO, M. BORUS, and M. KOEDYKER, respectfully request that this Court enter an order as follows:

1. Granting Defendants' Motion for Sanctions Against Plaintiff Tyrion Hodges;

2. Dismissing all of Plaintiff's claims against Defendants;

3. Granting Defendants costs expended in attempting to take Plaintiff's Deposition and ordering its Transcript; and

4. Any other relief this Court deems reasonable and just.

                                                                                         Respectfully Submitted,

By: */s/ Zachary G. Stillman*
Attorney for Defendants
Jason E. DeVore (ARDC # 6242782)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that the above **Amended Reply in Support of Motion for Sanctions Against Plaintiff Tyrion Hodges** was filed on February 26, 2024, with the Northern District of Illinois ECF System, serving a copy on all parties.

                                                                                         */s/Zachary Stillman*
Zachary Stillman, One of the
Attorneys for Defendants