IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRION S. HODGES, | |
| Plaintiff, | No. 20-cv-06643 |
| v. | Judge John F. Kness |
| COOK COUNTY SHERIFF THOMAS DART *et al.*, | |
| Defendants. | |

**ORDER**

Defendants' motion (Dkt. 72) for sanctions is granted, and the case is dismissed with prejudice as a sanction for discovery violations and in view of Plaintiff's failure to prosecute this action. Plaintiff's motion (Dkt. 70) for default judgment is dismissed as moot. See accompanying Statement for details. Enter separate final judgment order. Civil case terminated.

**STATEMENT**

**Background**

Plaintiff Tyrion Hodges ("Plaintiff") filed this civil rights complaint against Defendants Cook County Sheriff Thomas Dart and others ("Defendants"). (*See* Dkt. 13.) Plaintiff initially brought this suit in 2020 while incarcerated, alleging that officers in the Cook County Jail's Division 9 segregation unit harassed and used excessive force against him in violation of both Federal as well as Illinois law. (*See* Dkt. 6 at 3–9.) The Court granted Plaintiff leave to file an amended complaint in May 2021. (*See* Dkt. 12.) Since then, the case has suffered from repeated delays due largely to Plaintiff's litigation conduct. As a result, discovery is not yet complete, and no trial date is on the horizon.

Plaintiff has, in general, demonstrated either his inability or unwillingness to follow relevant orders and to act appropriately toward the opposing parties' counsel and the Court. A concise summary of the relevant procedural history bears this out. For example, after Plaintiff missed a court hearing in January 2023, the Court

advised him that "if he fails to appear in person at the [next] hearing . . . the Court will dismiss this case with prejudice for failure to prosecute." (Dkt. 43.) Plaintiff appeared at the next hearing, to be sure, be he was unprepared to proceed; that led the Court to remark that "it is Plaintiff's obligation to stay on top of the case. If Plaintiff fails to comply with this order, this case may be dismissed with prejudice for want of prosecution." (Dkt. 45.) Plaintiff missed another hearing in August 2023, and was again advised by the Court that "Plaintiff is specifically warned that this case may be dismissed for want of prosecution if Plaintiff fails to appear." (Dkt. 63.)

Plaintiff attended the next hearing on September 18, 2023, but after Plaintiff refused to follow various verbal instructions, the Court held Plaintiff in summary contempt. (Dkt. 64.) After sitting for a time in detention, Plaintiff's agitation abated. In its discretion, the Court determined that "an oral admonishment was sufficient to address the matter" and imposed no sanction. (*Id.*)

That détente did not last. At an aborted video deposition on December 4, 2023, Plaintiff had an outburst at his own deposition, starting at the very beginning. Plaintiff cursed at opposing counsel, disrupted the proceeding, did not participate in good faith with efforts to conduct the deposition, and refused to answer any questions. (See Dkts. 72-1, 74.) Below is just a sampling of Plaintiff's statements at his deposition:

> Fuck you talking about all that I talk to you professionally? Shit, ni****. Fucking shut up. Who the fuck is you? You not the judge. Fucking you shut your ass up. . . .
>
> Yeah, make sure we get all this on the record. You don't run shit over there. You the opposing party. Whoever you is, you're not my lawyer. You don't talk to me any type of way. Fuck is you talking about? Man, ni****. . . .
>
> Man, you a bitch. . . .
>
> I called you a bitch. I didn't threaten you. You a bitch. Fuck you disrespectful, so I'm meeting you with your energy. Fuck is you talking about? You don't run me. You don't tell me, 'Put your face in the camera.' Who the fuck is you talking to? You're not my daddy, ni****. What the fuck is you talking about.

(*See* Dkt. 72-1 at 2.)

These statements were documented by a stenographer and recorded on a videorecording, a copy of which Defendants submitted on the record. In reviewing that recording, the Court noted that Plaintiff engaged in behavior very similar to the

2

conduct that led to the earlier contempt finding. Plaintiff's demeanor, language, and attitude were, plainly put, wholly at odds with the conduct that a reasonable deponent should be expected to show.

Plaintiff later filed a frivolous motion seeking default judgment (Dkt. 70), in which he attempted to explain away his behavior at the deposition. (*Id.* at 1–2.) For their part, Defendants brought the present motion seeking the sanction of dismissal as well as an award of costs, all based on Plaintiff's conduct in this case. (Dkt. 72.) Plaintiff missed the deadline to reply to Defendants' motion for sanctions. (Dkt. 77.) Plaintiff also missed the first hearing on Defendants' motion for sanctions, which was scheduled for June 26, 2024. To be sure, Plaintiff called Court staff while the hearing was in progress to report that an unspecified emergency prevented his attendance. (Dkt. 86.) Plaintiff then failed to attend the rescheduled motion hearing at the appointed time on July 11, 2024; the Court is aware, however, that Plaintiff showed up to the courtroom approximately 20 minutes late and demanded that the Court resume the hearing after the undersigned had left the bench and opposing counsel had departed from the courtroom.

## I. LEGAL STANDARD

Defendants seek dismissal of the Amended Complaint with prejudice for Plaintiff's discovery violations and conduct throughout the pendency of this litigation. (*See* Dkt. 72 at 2–10.) The power of courts to sanction a party derives from three independent sources. First, sanctions may be issued under the court's inherent powers if the offender willfully abuses the judicial process or litigates in bad faith. *See Emerson v. Dart*, 900 F.3d 469, 473 (7th Cir. 2018). Second, Rule 37 of the Federal Rules of Civil Procedure permit sanctions, including dismissal, when a party "fails to obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Third, and finally, Rule 30(d)(2) of the Federal Rules of Civil Procedure permit a court to impose sanctions if a deponent "impedes, delays, or frustrates [his] fair examination." See Fed. R. Civ. P. 30(d)(2). Sanctions under all three sources are justified by bad-faith conduct. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). District courts have broad discretion in resolving discovery disputes. *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018).

## II. DISCUSSION

Defendants argue that Plaintiff's case should be dismissed with prejudice for his discovery violations as well as his conduct during the entirety of this litigation. (*See* Dkt. 72 at 6–10.) Plaintiff counters that his behavior at the deposition was an anomaly, and Defendants are not immune from criticism for their conduct in discovery. (*See* Dkt. 70 at 2.) Given the nature of Plaintiff's misconduct and the unpersuasive excuses offered in response, a hearing is not necessary to assist the

Court in deciding upon a sanction. *See Ayoubi v. Dart*, 640 F. App'x 524, 528 (7th Cir. 2016).

Each of the three sources of a court's power to sanction justifies sanctions in this case. Plaintiff's disregard of court orders and actions in this case demonstrate willfulness, bad faith, and fault. Plaintiff's outburst at his deposition was clearly intentional. Plaintiff's *pro se* status does not insulate him from sanctions. *See Williams v. Wahner*, 714 F. App'x 601, 604 (7th Cir. 2018) (affirming dismissal with prejudice due to the *pro se* plaintiff's bad faith during discovery). Nor is the Court required to—and it does not—accept Plaintiff's excuses for his actions. *See Ayoubi*, 640 F. App'x at 528 (court need not accept explanations "crafted only to exonerate litigation misconduct").

Throughout this case, the Court has endeavored to accommodate Plaintiff's *pro se* status and to overlook, even excuse at times, his bad behavior. But being a *pro se* litigant "does not give a party unbridled license to disregard clearly communicated court orders. And it does not give Plaintiff the discretion to choose which of the court's rules and orders it will follow, and which it will willfully disregard." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). There is no evidence that any factor outside of Plaintiff's control rendered him unable to participate in his deposition or follow the Court's orders during the pendency of this litigation. Plaintiff was warned repeatedly, in clear terms, that he faced severe consequences, including the dismissal of his case, if he continued along the path of inattentiveness and misconduct. (*See, e.g.*, Dkt. 45; Dkt. 63.) These warnings were more than sufficient to "convey, directly and clearly, the potentiality of dismissal" to Plaintiff. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 859 (7th Cir. 1998). Despite this, Plaintiff did not heed these warnings.

As the circumstances of this case show, there is a clear record of persistent improper conduct and repeated warnings that Plaintiff chose to ignore. Plaintiff's conduct cannot be countenanced, as the "judiciary has an interest in preserving the integrity of its own proceedings." *Fulks v. Watson*, 88 F.4th 1202, 1208 (7th Cir. 2023). Accordingly, a severe sanction is warranted. At issue is what that sanction should entail.

Although the Court has considered whether a sanction short of dismissal might be appropriate,[1] it appears that nothing short of dismissal will put an end to

---

[1] Indeed, as late as the hearing set for July 11, 2024, the Court was willing to explore whether a rescheduled, judge-supervised deposition of Plaintiff might be feasible. One purpose of that hearing was for the Court to gauge Plaintiff's willingness to own up to his misconduct and to assess whether a path forward was reasonably apparent. But Plaintiff failed to show for that hearing at the appointed time, thus providing further confirmation that Plaintiff's conduct is unlikely to improve such that the continuation of this case is warranted.

Plaintiff's misconduct. At bottom, a party ought not to be permitted to miss multiple hearings, engage in contemptuous conduct in open court, and then follow all of that with egregious, profane, borderline-threatening conduct toward opposing counsel during the party's own deposition. Plaintiff's belated effort to excuse away this conduct is too little, too late and does not justify giving him yet another chance to move his case forward.

Based on the totality of Plaintiff's behavior, the Court finds that the sanction of dismissal is proportional, necessary, and appropriate. Accordingly, this case is dismissed with prejudice both as a sanction for Plaintiff's discovery conduct and his failure to prosecute the case he chose to bring.

SO ORDERED in No. 20-cv-06643.

Date: August 23, 2024

JOHN F. KNESS
United States District Judge