# United States Court of Appeals for the Seventh Circuit

**Plaintiff**

**Tyrion Hodges.**

Case No. 20-CV-6643

**V.**



**Defendants**

**Thomas Dart, EtAl**

# APPEAL

Here comes the plaintiffs Tyrion Hodges by himself entering an appeal for civil case 20 CV 6643 on the basis of violation of my eighth amendment as well as 16th of the United States Constitution.

On July 31st 2024 plaintiff had a court appearance in front of John F Kness to hear pending motion for default judgment submitted by the plaintiff. (see exibit A )

Plaintive arrive approximately 20 minutes late due to traffic of the early morning downtown area but was in court in person and ready to proceed.

Though plaintiff and the judge seen each other, he took recess and did not return.

I was forcibly escorted out of the court room by multiple Cook County sheriff officers without seeing the judge or giving any information on n next appearance or even the status. (See exhibit B)

August 23, 2024 I received a notification in my email stating that my lawsuit was dismissed with prejudice for sanctions which I'm not aware of.


I believe this was cruel and unusual and a form of malicious prosecution. In addition, plaintive is currently disabled and receive disability since he was shot last year in 2023.

Mr. Hodges has a series of health problems and has a variety of medication 's, which should make it hard to do self representation and focus on his daily living.

Mr. Hodges have submitted multiple motions for the attorney representation United States District Court based on medical and mental health no hearing was conducted.


Therefore, I ask and pray that the honorable judge into this appeal and taking consideration the facts and exhibit submitted to the court.

Thank you

Tyrion S Hodges

Chicago IL 60617

*Tyrion Hodges*

*9-19-24*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TYRION S. HODGES,

    Plaintiff,

       v.

COOK COUNTY SHERIFF THOMAS DART *et al.*,

    Defendants.

No. 20-cv-06643

Judge John F. Kness

## ORDER

Defendants' motion (Dkt. 72) for sanctions is granted, and the case is dismissed with prejudice as a sanction for discovery violations and in view of Plaintiff's failure to prosecute this action. Plaintiff's motion (Dkt. 70) for default judgment is dismissed as moot. See accompanying Statement for details. Enter separate final judgment order. Civil case terminated.

## STATEMENT

**Background**

Plaintiff Tyrion Hodges ("Plaintiff") filed this civil rights complaint against Defendants Cook County Sheriff Thomas Dart and others ("Defendants"). (*See* Dkt. 13.) Plaintiff initially brought this suit in 2020 while incarcerated, alleging that officers in the Cook County Jail's Division 9 segregation unit harassed and used excessive force against him in violation of both Federal as well as Illinois law. (*See* Dkt. 6 at 3–9.) The Court granted Plaintiff leave to file an amended complaint in May 2021. (*See* Dkt. 12.) Since then, the case has suffered from repeated delays due largely to Plaintiff's litigation conduct. As a result, discovery is not yet complete, and no trial date is on the horizon.

Plaintiff has, in general, demonstrated either his inability or unwillingness to follow relevant orders and to act appropriately toward the opposing parties' counsel and the Court. A concise summary of the relevant procedural history bears this out. For example, after Plaintiff missed a court hearing in January 2023, the Court

advised him that "if he fails to appear in person at the [next] hearing . . . the Court will dismiss this case with prejudice for failure to prosecute." (Dkt. 43.) Plaintiff appeared at the next hearing, to be sure, be he was unprepared to proceed; that led the Court to remark that "it is Plaintiff's obligation to stay on top of the case. If Plaintiff fails to comply with this order, this case may be dismissed with prejudice for want of prosecution." (Dkt. 45.) Plaintiff missed another hearing in August 2023, and was again advised by the Court that "Plaintiff is specifically warned that this case may be dismissed for want of prosecution if Plaintiff fails to appear." (Dkt. 63.)

Plaintiff attended the next hearing on September 18, 2023, but after Plaintiff refused to follow various verbal instructions, the Court held Plaintiff in summary contempt. (Dkt. 64.) After sitting for a time in detention, Plaintiff's agitation abated. In its discretion, the Court determined that "an oral admonishment was sufficient to address the matter" and imposed no sanction. (*Id.*)

That détente did not last. At an aborted video deposition on December 4, 2023, Plaintiff had an outburst at his own deposition, starting at the very beginning. Plaintiff cursed at opposing counsel, disrupted the proceeding, did not participate in good faith with efforts to conduct the deposition, and refused to answer any questions. (See Dkts. 72-1, 74.) Below is just a sampling of Plaintiff's statements at his deposition:

> Fuck you talking about all that I talk to you professionally? Shit, ni****. Fucking shut up. Who the fuck is you? You not the judge. Fucking you shut your ass up. . . .

> Yeah, make sure we get all this on the record. You don't run shit over there. You the opposing party. Whoever you is, you're not my lawyer. You don't talk to me any type of way. Fuck is you talking about? Man, ni****. . . .

> Man, you a bitch. . . .

> I called you a bitch. I didn't threaten you. You a bitch. Fuck you disrespectful, so I'm meeting you with your energy. Fuck is you talking about? You don't run me. You don't tell me, 'Put your face in the camera.' Who the fuck is you talking to? You're not my daddy, ni****. What the fuck is you talking about.

(*See* Dkt. 72-1 at 2.)

These statements were documented by a stenographer and recorded on a videorecording, a copy of which Defendants submitted on the record. In reviewing that recording, the Court noted that Plaintiff engaged in behavior very similar to the

conduct that led to the earlier contempt finding. Plaintiff's demeanor, language, and attitude were, plainly put, wholly at odds with the conduct that a reasonable deponent should be expected to show.

Plaintiff later filed a frivolous motion seeking default judgment (Dkt. 70), in which he attempted to explain away his behavior at the deposition. (*Id.* at 1–2.) For their part, Defendants brought the present motion seeking the sanction of dismissal as well as an award of costs, all based on Plaintiff's conduct in this case. (Dkt. 72.) Plaintiff missed the deadline to reply to Defendants' motion for sanctions. (Dkt. 77.) Plaintiff also missed the first hearing on Defendants' motion for sanctions, which was scheduled for June 26, 2024. To be sure, Plaintiff called Court staff while the hearing was in progress to report that an unspecified emergency prevented his attendance. (Dkt. 86.) Plaintiff then failed to attend the rescheduled motion hearing at the appointed time on July 11, 2024; the Court is aware, however, that Plaintiff showed up to the courtroom approximately 20 minutes late and demanded that the Court resume the hearing after the undersigned had left the bench and opposing counsel had departed from the courtroom.

## I.  LEGAL STANDARD

Defendants seek dismissal of the Amended Complaint with prejudice for Plaintiff's discovery violations and conduct throughout the pendency of this litigation. (*See* Dkt. 72 at 2–10.) The power of courts to sanction a party derives from three independent sources. First, sanctions may be issued under the court's inherent powers if the offender willfully abuses the judicial process or litigates in bad faith. *See Emerson v. Dart*, 900 F.3d 469, 473 (7th Cir. 2018). Second, Rule 37 of the Federal Rules of Civil Procedure permit sanctions, including dismissal, when a party "fails to obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Third, and finally, Rule 30(d)(2) of the Federal Rules of Civil Procedure permit a court to impose sanctions if a deponent "impedes, delays, or frustrates [his] fair examination." See Fed. R. Civ. P. 30(d)(2). Sanctions under all three sources are justified by bad-faith conduct. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). District courts have broad discretion in resolving discovery disputes. *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018).

## II.  DISCUSSION

Defendants argue that Plaintiff's case should be dismissed with prejudice for his discovery violations as well as his conduct during the entirety of this litigation. (*See* Dkt. 72 at 6–10.) Plaintiff counters that his behavior at the deposition was an anomaly, and Defendants are not immune for criticism for their conduct in discovery. (*See* Dkt. 70 at 2.) Given the nature of Plaintiff's misconduct and the unpersuasive excuses offered in response, a hearing is not necessary to assist the

Court in deciding upon a sanction. *See Ayoubi v. Dart*, 640 F. App'x 524, 528 (7th Cir. 2016).

Each of the three sources of a court's power to sanction justifies sanctions in this case. Plaintiff's disregard of court orders and actions in this case demonstrate willfulness, bad faith, and fault. Plaintiff's outburst at his deposition was clearly intentional. Plaintiff's *pro se* status does not insulate him from sanctions. *See Williams v. Wahner*, 714 F. App'x 601, 604 (7th Cir. 2018) (affirming dismissal with prejudice due to the *pro se* plaintiff's bad faith during discovery). Nor is the Court required to—and it does not—accept Plaintiff's excuses for his actions. *See Ayoubi*, 640 F. App'x at 528 (court need not accept explanations "crafted only to exonerate litigation misconduct").

Throughout this case, the Court has endeavored to accommodate Plaintiff's *pro se* status and to overlook, even excuse at times, his bad behavior. But being a *pro se* litigant "does not give a party unbridled license to disregard clearly communicated court orders. And it does not give Plaintiff the discretion to choose which of the court's rules and orders it will follow, and which it will willfully disregard." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). There is no evidence that any factor outside of Plaintiff's control rendered him unable to participate in his deposition or follow the Court's orders during the pendency of this litigation. Plaintiff was warned repeatedly, in clear terms, that he faced severe consequences, including the dismissal of his case, if he continued along the path of inattentiveness and misconduct. (*See, e.g.*, Dkt. 45; Dkt. 63.) These warnings were more than sufficient to "convey, directly and clearly, the potentiality of dismissal" to Plaintiff. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 859 (7th Cir. 1998). Despite this, Plaintiff did not heed these warnings.

As the circumstances of this case show, there is a clear record of persistent improper conduct and repeated warnings that Plaintiff chose to ignore. Plaintiff's conduct cannot be countenanced, as the "judiciary has an interest in preserving the integrity of its own proceedings." *Fulks v. Watson*, 88 F.4th 1202, 1208 (7th Cir. 2023). Accordingly, a severe sanction is warranted. At issue is what that sanction should entail.

Although the Court has considered whether a sanction short of dismissal might be appropriate,[1] it appears that nothing short of dismissal will put an end to

---

[1] Indeed, as late as the hearing set for July 11, 2024, the Court was willing to explore whether a rescheduled, judge-supervised deposition of Plaintiff might be feasible. One purpose of that hearing was for the Court to gauge Plaintiff's willingness to own up to his misconduct and to assess whether a path forward was reasonably apparent. But Plaintiff failed to show for that hearing at the appointed time, thus providing further confirmation that Plaintiff's conduct is unlikely to improve such that the continuation of this case is warranted.

Plaintiff's misconduct. At bottom, a party ought not to be permitted to miss multiple hearings, engage in contemptuous conduct in open court, and then follow all of that with egregious, profane, borderline-threatening conduct toward opposing counsel during the party's own deposition. Plaintiff's belated effort to excuse away this conduct is too little, too late and does not justify giving him yet another chance to move his case forward.

Based on the totality of Plaintiff's behavior, the Court finds that the sanction of dismissal is proportional, necessary, and appropriate. Accordingly, this case is dismissed with prejudice both as a sanction for Plaintiff's discovery conduct and his failure to prosecute the case he chose to bring.

SO ORDERED in No. 20-cv-06643.

Date: August 23, 2024

_____
JOHN F. KNESS
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

TYRION S. HODGES,

Plaintiff,

v.

COOK COUNTY SHERIFF THOMAS DART *et al.*,

Defendants.

No. 20-cv-06643

Judge John F. Kness

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐      in favor of plaintiff

which ☐ includes     pre–judgment interest.
       ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐      in favor of defendant(s)
       and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☒      other: Case dismissed with prejudice for failure to prosecute and as a sanction.

---

This action was *(check one)*:

☐ tried by a jury with Judge     presiding, and the jury has rendered a verdict.
☐ tried by Judge     without a jury and the above decision was reached.
☒ decided by Judge John F. Kness on entry of an order granting Defendant's motion to dismiss.

Date: August 23, 2024

_____
JOHN F. KNESS
United States District Judge

APPEAL,COLE,PC,PC9,PROTO,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:20-cv-06643
## Internal Use Only

Hodges v. Dart et al
Assigned to: Honorable John F. Kness
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 11/06/2020
Date Terminated: 08/23/2024
Jury Demand: Both
Nature of Suit: 555 Civil Rights (Prison Condition)
Jurisdiction: Federal Question

**Plaintiff**

**Tyrion S. Hodges**                          represented by **Tyrion S. Hodges**
                                              10247 S. Van Vlissingen Rd.
                                              Chicago, IL 60617
                                              United Sta
                                              Email: tyrionhodges642@gmail.com
                                              PRO SE

V.

**Defendant**

**Thomas Dart**                               represented by **Troy S. Radunsky**
*TERMINATED: 05/17/2021*                       DeVore Radunsky LLC
                                              230 W. Monroe
                                              Ste 230
                                              Chicago, IL 60606
                                              312-300-4484
                                              Email: tradunsky@devoreradunsky.com
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Rochelle Parker**                           represented by **Troy S. Radunsky**
*TERMINATED: 05/17/2021*                       (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Mr. Irachera**                              represented by **Troy S. Radunsky**
*TERMINATED: 05/17/2021*                       (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**M. Garza**
*TERMINATED: 05/17/2021*

**Defendant**

**T. Rusher**
*TERMINATED: 05/17/2021*

**<u>Defendant</u>**

**C. Zamfirescu**                          represented by  **Jason Edward DeVore**
                                                          DeVore Radunsky LLC
                                                          230 W Monroe
                                                          Suite 230
                                                          Chicago
                                                          Chicago, IL 60604
                                                          312-300-4479
                                                          Email: jdevore@devoreradunsky.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Troy S. Radunsky**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Myles Ramon Carroll**
                                                          Miller Berger LLC
                                                          20 North Clark Street
                                                          Suite 525
                                                          Chicago, IL 60602
                                                          (300) 273 - 4031
                                                          Email: Myles@MillerBerger.com
                                                          *TERMINATED: 12/10/2021*

                                                          **Zachary G Stillman**
                                                          DeVore Radunsky LLC
                                                          230 W Monroe
                                                          Ste 230
                                                          Chicago, IL 60606
                                                          312-300-4479
                                                          Email: zstillman@devoreradunsky.com
                                                          *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**J. Hernandez**                           represented by  **Jason Edward DeVore**
*07*                                                      (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Troy S. Radunsky**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Myles Ramon Carroll**
                                                          (See above for address)
                                                          *TERMINATED: 12/10/2021*

                                                          **Zachary G Stillman**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Z. Finn**
*TERMINATED: 05/17/2021*

**Defendant**

**D. Tamos**
*TERMINATED: 05/17/2021*

**Defendant**

**M. Squires**
*TERMINATED: 05/17/2021*

**Defendant**

**J. Judkins**                      represented by  **Troy S. Radunsky**
*TERMINATED: 05/17/2021*                            (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**M. Koedyker**                     represented by  **Troy S. Radunsky**
*TERMINATED: 05/17/2021*                            (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**D. Atsavas**
*TERMINATED: 05/17/2021*

**Defendant**

**J. Ciukaj**                       represented by  **Troy S. Radunsky**
*TERMINATED: 05/17/2021*                            (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Beyer**                           represented by  **Jason Edward DeVore**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Troy S. Radunsky**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Myles Ramon Carroll**
                                                    (See above for address)
                                                    *TERMINATED: 12/10/2021*

                                                    **Zachary G Stillman**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Stroh**                                          represented by **Jason Edward DeVore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Troy S. Radunsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Myles Ramon Carroll**
(See above for address)
*TERMINATED: 12/10/2021*

**Zachary G Stillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Contorno**                                       represented by **Jason Edward DeVore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Troy S. Radunsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Myles Ramon Carroll**
(See above for address)
*TERMINATED: 12/10/2021*

**Zachary G Stillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Draca**                                          represented by **Jason Edward DeVore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Troy S. Radunsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Myles Ramon Carroll**
(See above for address)
*TERMINATED: 12/10/2021*

**Zachary G Stillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Korkus**                                      represented by **Jason Edward DeVore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Troy S. Radunsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Myles Ramon Carroll**
(See above for address)
*TERMINATED: 12/10/2021*

**Zachary G Stillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sheehan**                                     represented by **Jason Edward DeVore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Troy S. Radunsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Myles Ramon Carroll**
(See above for address)
*TERMINATED: 12/10/2021*

**Zachary G Stillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Duharkic**                                    represented by **Jason Edward DeVore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Troy S. Radunsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Myles Ramon Carroll**

(See above for address)
*TERMINATED: 12/10/2021*

**Zachary G Stillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Statler**                                  represented by   **Jason Edward DeVore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Troy S. Radunsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Myles Ramon Carroll**
(See above for address)
*TERMINATED: 12/10/2021*

**Zachary G Stillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Garcia**                                   represented by   **Jason Edward DeVore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Troy S. Radunsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Myles Ramon Carroll**
(See above for address)
*TERMINATED: 12/10/2021*

**Zachary G Stillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rivera**                                   represented by   **Jason Edward DeVore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Troy S. Radunsky**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Myles Ramon Carroll**
(See above for address)
*TERMINATED: 12/10/2021*

**Zachary G Stillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Roman**                                 represented by   **Jason Edward DeVore**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Troy S. Radunsky**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Myles Ramon Carroll**
                                                           (See above for address)
                                                           *TERMINATED: 12/10/2021*

                                                           **Zachary G Stillman**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Service List**                          represented by   **Prisoner Correspondence 9 - Internal
                                                           Use Only**
                                                           Email: ilnd_PC9@ilnd.uscourts.gov
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2020 | 1 | ENTERED IN ERROR. (jh, ) Modified on 11/23/2020 (jh, ). (Entered: 11/19/2020) |
| 11/06/2020 | 2 | PRISONER CIVIL Cover Sheet. (jh, ) (Entered: 11/19/2020) |
| 11/06/2020 | 3 | APPLICATION by Plaintiff Tyrion S. Hodges for leave to proceed in forma pauperis. (Exhibits) (jh, ) (Entered: 11/19/2020) |
| 11/06/2020 | 4 | MOTION by Plaintiff Tyrion S. Hodges for attorney representation. (jh, ) (Entered: 11/19/2020) |
| 11/06/2020 | 6 | RECEIVED Complaint by Tyrion S. Hodges; Notice. (Exhibits) (Envelope not Postmarked) (jh, ) (Entered: 11/23/2020) |
| 11/23/2020 | 5 | NOTICE of Correction regarding 1 . (jh, ) (Entered: 11/23/2020) |
| 01/19/2021 | 7 | ORDER: Plaintiff's application for leave to proceed in forma pauperis 3 in case 20-cv-06643 is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $10.36 from Plaintiff's account for payment to the Clerk as an initial partial payment of the filing fee in that action, and to continue making monthly deductions in accordance with this order. The Clerk is directed to send a |

| | | |
|---|---|---|
| | | copy of this order (electronically if possible) to the trust fund supervisor at Plaintiff's current place of incarceration and the Court's Fiscal Department. Summons, however, shall not issue. Plaintiff's complaint <u>6</u> in case 20-cv-06643 is dismissed without prejudice. Plaintiff is granted until February 15, 2021 to submit both an amended complaint that complies with this order and a completed USM-285 (Marshals service) form for each Defendant named in the amended complaint. If Plaintiff does not comply with this order, the Court may summarily dismiss case 20-cv-06643. Plaintiff's motion for attorney representation <u>4</u> in case 20-cv-06643 is denied without prejudice to renewal later in the case. The Court terminates the remaining above captioned actions (namely, 20-cv-06646, 20-cv-06649, 20-cv-06651, and 20-cv-06654) as duplicative of first-filed case 20-cv-06643. Termination of the latter four actions is without prejudice to Plaintiff's pursuit of properly joined claims under case No. 20-cv-06643. All pending motions in the latter four cases are denied and terminated as moot. Because the Court is administratively closing those cases, no filing fee will be collected for them. The Clerk is directed to send Plaintiff an amended civil rights complaint form and instructions, a blank USM-285 form, and a copy of this order. See accompanying Statement for details. Signed by the Honorable John F. Kness on 1/19/2021. Mailed notice (jh, ) (Entered: 01/20/2021) |
| 01/20/2021 | | EMAILED Order dated 1/19/2021 to the trust fund supervisor at Plaintiff's current place of incarceration and the Court's Fiscal Department. (jh, ) (Entered: 01/20/2021) |
| 01/21/2021 | | MAILED a blank amended civil rights complaint form and instructions, a blank USM-285 form, and a copy of Order dated 1/19/2021 to the Plaintiff. (jh, ) (Entered: 01/21/2021) |
| 02/26/2021 | <u>8</u> | RECEIVED Amended Complaint by Tyrion S. Hodges; Notice. (Envelope Postmarked 2/23/2021) (jh, ) (Entered: 03/02/2021) |
| 02/26/2021 | <u>9</u> | MOTION by Plaintiff Tyrion S. Hodges for attorney assistance. (jh, ) (Entered: 03/02/2021) |
| 02/26/2021 | 🔒 <u>10</u> | (Court only) RECEIVED USM-285 form for defendant(s) Thomas Dart; Rochelle Parker; Mr. Irachera; C. Zamfirescu; T. Rusher; J. Hernandez; J. Judkins; J. Ciukaj; Mr. Sheehan; E. Duran; C. Torres; T. Beyer; N. Draca; F. Ruizoz; M. Statler; W. Rivera; R. Garcia; E. Villarreal; A. Duharkic; M. Koedyker; E. Reierson; L. Roman; S. Stroh; D. Contorno; J. Barajas; J. Preto; R. Pasquel by Plaintiff Tyrion S. Hodges. (ph, ) (Entered: 03/04/2021) |
| 03/29/2021 | <u>11</u> | PROOF OF SERVICE/NOTICE of Filing by Tyrion S. Hodges. (Exhibits) (Envelope not postmarked) (ph, ) (Entered: 03/30/2021) |
| 05/17/2021 | <u>12</u> | ORDER: Plaintiff's amended complaint <u>8</u> may proceed against Defendants Hernandez, Rusher, Zamfiresco, Beyer, Stroh, Contorno, Draca, Korkus, Sheehan, Duharkic, Statler, Garcia, Rivera, and Roman. The Clerk of Court is directed to: (1) file Plaintiff's amended complaint <u>8</u> ; (2) dismiss and terminate all other Defendants; (3) issue summonses for service of the amended complaint <u>8</u> on the above-listed Defendants; and (4) send Plaintiff a magistrate judge consent form, filing instructions, and a copy of this order. The U.S. Marshal is appointed to serve Defendants and is directed to use the USM-285 forms already on file <u>10</u> . Plaintiff's motion for attorney representation <u>9</u> is denied without prejudice. See accompanying Statement for details. Signed by the Honorable John F. Kness on May 17, 2021. Mailed notice (ph, ) (Entered: 05/17/2021) |
| 05/17/2021 | <u>13</u> | AMENDED complaint by Tyrion S. Hodges against Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. |

| | | Zamfirescu. (ph, ) (Entered: 05/17/2021) |
|---|---|---|
| 05/18/2021 | | SUMMONS Issued along with USM 285 form(s), certified copy of order 12 dated 5/17/2021 to the U.S. Marshal's Office for service as to Defendants Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu via email. (ph, ) (Entered: 05/18/2021) |
| 05/19/2021 | | MAILED Plaintiff a magistrate judge consent form, filing instructions, and a copy of order 12 dated 5/17/2021. (ph, ) (Entered: 05/28/2021) |
| 06/07/2021 | 14 | RETURN of Service of Waiver returned Executed on 6/7/2021 as to Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu (Attachments: # 1 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to D. Contorno), # 2 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to N. Draca), # 3 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to A. Duharkic), # 4 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to R. Garcia), # 5 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to M. Statler), # 6 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to J. Hernandez), # 7 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to Korkus), # 8 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to W. Rivera), # 9 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to L. Roman), # 10 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to M. Sheehan), # 11 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to S. Stroh), # 12 (USM-285 Waiver Returned Executed by U.S. Marshal's Service as to C. Zamfirescu))(ph, ) (Entered: 06/07/2021) |
| 08/27/2021 | 15 | ATTORNEY Appearance for Defendants Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu by Troy S. Radunsky (Radunsky, Troy) (Entered: 08/27/2021) |
| 08/27/2021 | 16 | ATTORNEY Appearance for Defendants Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu by Jason Edward DeVore (DeVore, Jason) (Entered: 08/27/2021) |
| 08/27/2021 | 17 | ATTORNEY Appearance for Defendants Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu by Myles Ramon Carroll (Carroll, Myles) (Entered: 08/27/2021) |
| 09/21/2021 | 18 | MOTION by Defendants Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 10(b), and 12(e) (DeVore, Jason) Docket Text Modified by Judicial Staff on 9/22/2021 (ef, ). (Entered: 09/21/2021) |
| 10/05/2021 | 19 | PRODUCTION OF DOCUMENTS by Plaintiff Tyrion S. Hodges. (Envelope postmarked 9/27/2021) (ph, ) (Entered: 10/05/2021) |
| 10/05/2021 | 20 | NOTICE of Motion by Tyrion S. Hodges. (Envelope postmarked 9/27/2021) (ph, ) (Entered: 10/05/2021) |
| 12/09/2021 | 21 | MOTION by Attorney Myles R. Carroll to withdraw as attorney for Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu. No party information provided (Carroll, Myles) (Entered: 12/09/2021) |
| 12/10/2021 | 22 | MINUTE entry before the Honorable John F. Kness: Motion by counsel to withdraw as attorney 21 is granted. Attorney Myles Ramon Carroll is withdrawn as counsel of record. Mailed notice (ef, ) (Entered: 12/10/2021) |

| | | |
|---|---|---|
| 09/29/2022 | 23 | ORDER signed by the Honorable John F. Kness on 9/29/2022: Defendants' motion (Dkt. 18) to "dismiss pursuant to Federal Rules of Civil Procedure 8(a), 10(b), and 12(e)," in which Defendants seek a more definite statement, is denied. Defendants must answer the amended complaint (Dkt. 13) on or before October 21, 2022. Defendants' motion was filed well past the due date for a responsive pleading; the Court could deny the motion on that basis alone. *See Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) ("Scheduling orders and court-imposed deadlines matter. We could fill page after page with citations to cases brought by prisoners that were dismissed for failing to follow court rules or deadlines.... If prisoners are held to that standard, their opponents should be too.") (internal citations omitted). But in any event, Defendants have not demonstrated that repleading is warranted. As the Court noted in its initial review order (Dkt. 12) concerning the amended complaint, the Court is obligated to construe *pro se* complaints liberally and to hold them "to a less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). With that in mind, the Court found that Plaintiff's allegations, even if occasionally voluminous and superfluous, sufficiently placed Defendants on notice of Plaintiff's claims of excessive force. Defendants now point to Rule 8(a) of the Federal Rules of Civil Procedure and to relevant precedent, but the Court applied those standards in its screening order under 28 U.S.C. § 1915A. There is no cause to revisit that earlier order. As the Court explained, all of Plaintiff's claims present the similar legal question of whether the uses of force were reasonable, and all the incidents allegedly occurred in Division 9 within a three-month period. Moreover, the Court dismissed any potential claims regarding other divisions. Defendants thus can reasonably prepare a response to the the amended complaint. Fed. R. Civ. P. 12(e); *Frazier v. U.S. Bank Nat. Ass'n*, No. 11 C 8775, 2013 WL 1385612, at *2 (N.D. Ill. Apr. 4, 2013). Finally, Plaintiff's motion for "production of documents" (Dkt. 19) is dismissed without prejudice in view of the relief provided in this order and Defendants' pending answer. Mailed notice(ef, ) (Entered: 09/29/2022) |
| 10/20/2022 | 24 | ANSWER to amended complaint by Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, J. Hernandez, Mr. Irachera, J. Judkins, M. Koedyker, Korkus, Rochelle Parker, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu(Radunsky, Troy) (Entered: 10/20/2022) |
| 10/25/2022 | 25 | MOTION by Defendants Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, J. Hernandez, Mr. Irachera, J. Judkins, Korkus, Rochelle Parker, Rivera, Roman, Sheehan, Statler, Stroh, D. Tamos, C. Zamfirescu for protective order (Attachments: # 1 Exhibit A (Proposed Confid. Order))(Radunsky, Troy) (Entered: 10/25/2022) |
| 10/25/2022 | 26 | MOTION by Defendants Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, J. Hernandez, Mr. Irachera, J. Judkins, Korkus, Rochelle Parker, Rivera, Roman, Sheehan, Statler, Stroh, D. Tamos, C. Zamfirescu for protective order (Attachments: # 1 Exhibit A (Proposed HIPAA Protective Order))(Radunsky, Troy) (Entered: 10/25/2022) |
| 10/27/2022 | 27 | MINUTE entry before the Honorable John F. Kness: Defendants' Motion for entry of protective order 26 is granted. Enter separate order. Mailed notice (ef, ) (Entered: 10/27/2022) |
| 10/27/2022 | 28 | QUALIFIED PROTECTIVE ORDER signed by the Honorable John F. Kness on 10/27/2022. Mailed notice(ef, ) (Entered: 10/27/2022) |
| 10/27/2022 | 29 | EXHIBIT by Defendant Thomas Dart regarding MOTION by Defendants Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, J. Hernandez, Mr. |

| | | Irachera, J. Judkins, Korkus, Rochelle Parker, Rivera, Roman, Sheehan, Statler, Stroh, D. Tamos, C. Zamfirescu for protective order 25 (DeVore, Jason) (Entered: 10/27/2022) |
|---|---|---|
| 11/22/2022 | 30 | MOTION by Defendants Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, J. Hernandez, Mr. Irachera, J. Judkins, M. Koedyker, Korkus, Rochelle Parker, Rivera, Roman, T. Rusher, Sheehan, Statler, Stroh, D. Tamos, C. Zamfirescu for discovery *to deem requests to admit as admitted* (Attachments: # 1 Exhibit Group Ex. A1, # 2 Exhibit Group Ex. A2)(DeVore, Jason) (Entered: 11/22/2022) |
| 11/22/2022 | 31 | MINUTE entry before the Honorable John F. Kness: Before the Court is Defendants' motion to deem requests to admit as admitted 30 . It does not appear that Defendants have complied with the Court's motions policy, which is available on the Court's webpage. Specifically, the policy requires that each motion filed on the docket must state whether it is agreed or opposed. The policy also requires the parties to propose a briefing schedule (see the policy for details) if the motion is opposed. Accordingly, the motion is stricken. Defendants may refile the motion, in compliance with the motions policy. Mailed notice (ef, ) (Entered: 11/22/2022) |
| 11/28/2022 | 32 | MOTION by Defendants Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, J. Hernandez, Mr. Irachera, J. Judkins, M. Koedyker, Korkus, Rochelle Parker, Rivera, Roman, T. Rusher, Sheehan, Statler, Stroh, D. Tamos, C. Zamfirescu for discovery *to deem requests to admit as admitted* (Attachments: # 1 Exhibit Group Ex. A1, # 2 Exhibit Group Ex. A2, # 3 Exhibit Ex. B (Dismissal Order), # 4 Exhibit Ex. C (11/23 Email to Plaintiff Re: Briefing Schedule), # 5 Exhibit Ex. D)(Radunsky, Troy) (Entered: 11/28/2022) |
| 12/01/2022 | 33 | MINUTE entry before the Honorable John F. Kness: The Court sets the following briefing schedule on Defendants' opposed motion to deem requests to admit as admitted 32 : Plaintiff must respond on or before 12/22/2022 and Defendants must reply on or before 12/29/2022. Within one week of filing, each side must provide the Court two paper courtesy copies of their respective briefs via U.S. Mail or reliable commercial delivery service. Mailed notice (ef, ) (Entered: 12/01/2022) |
| 12/06/2022 | 34 | ATTORNEY Appearance for Defendants Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu by Zachary G Stillman (Stillman, Zachary) (Entered: 12/06/2022) |
| 12/15/2022 | 35 | MOTION by Plaintiff Tyrion S. Hodges for attorney representation. (gcy, ) Modified on 12/16/2022 (gcy, ). (Entered: 12/16/2022) |
| 12/15/2022 | 36 | NOTICE by Tyrion S. Hodges of Change of Address. (gcy, ) (Entered: 12/16/2022) |
| 12/22/2022 | 37 | MINUTE entry before the Honorable John F. Kness: Plaintiff's motion 35 for the appointment of counsel is denied without prejudice to later renewal. As the record stands now, the Court cannot sufficiently assess Plaintiff's ability to litigate the case, which is one of the questions that must be answered before a court can decide whether to appoint counsel. Plaintiff's response to Defendants' pending motion 32 to deem requests as admitted is due today (12/22/2022); the Court will be in a better position to assess Plaintiff's abilities once that response has been filed. Defendants' motion 25 for entry of a confidentiality order is granted. Enter confidentiality order. A telephonic status hearing is set for 1/11/2023 at 09:30 AM. The parties are to use the following call-in number: 888-684-8852, conference code 3796759. The public and media representatives may have access to the hearing via the same number. Audio recording of the hearing is not permitted; violations of this prohibition may |

| | | result in sanctions. Participants are directed to keep their device muted when they are not speaking. Mailed notice (ef, ) (Entered: 12/22/2022) |
|---|---|---|
| 12/22/2022 | 38 | CONFIDENTIALITY ORDER signed by the Honorable John F. Kness on 12/22/2022. Mailed notice(ef, ) (Entered: 12/22/2022) |
| 12/29/2022 | 39 | RESPONSE by Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, M. Garza, J. Hernandez, Mr. Irachera, J. Judkins, M. Koedyker, Korkus, Rochelle Parker, Rivera, Roman, T. Rusher, Sheehan, Statler, Stroh, D. Tamos, C. Zamfirescuin Support of MOTION by Defendants Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, J. Hernandez, Mr. Irachera, J. Judkins, M. Koedyker, Korkus, Rochelle Parker, Rivera, Roman, T. Rusher, Sheehan, Statler, Stroh, D. Tamos, C. Zamfirescu for dis 32 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(DeVore, Jason) (Entered: 12/29/2022) |
| 01/10/2023 | 40 | MINUTE entry before the Honorable John F. Kness: At the Court's instance, the telephonic status hearing set for 1/11/2023 is stricken and reset to 1/17/2023 at 09:30 AM. Defendants' motion 32 to deem certain requests as admitted will be addressed separately. Counsel for Defendants is reminded to send copies of documents to Plaintiff Tyrion S. Hodges at the address provided on the Court's docket. Mailed notice (ef, ) (Entered: 01/10/2023) |
| 01/10/2023 | 41 | CERTIFICATE of Service by Jason Edward DeVore on behalf of Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu regarding MOTION by Defendants Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, J. Hernandez, Mr. Irachera, J. Judkins, M. Koedyker, Korkus, Rochelle Parker, Rivera, Roman, T. Rusher, Sheehan, Statler, Stroh, D. Tamos, C. Zamfirescu for dis 32 , response in support of motion,, 39 (DeVore, Jason) (Entered: 01/10/2023) |
| 01/10/2023 | 42 | CERTIFICATE of Service by Jason Edward DeVore on behalf of Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu (DeVore, Jason) (Entered: 01/10/2023) |
| 01/17/2023 | 43 | MINUTE entry before the Honorable John F. Kness: Telephonic status hearing held on 1/17/2023. Only counsel for Defendants appeared and reported on the status of the case. Pursuant to the discussions held in open court, an **in-person** status hearing is set for 2/2/2023 at 10:20 AM. All counsel and Plaintiff Tyrion S. Hodges are directed to appear in person at the 2/2/2023 hearing. Plaintiff is advised that, if he fails to appear in person at the hearing on 2/2/2023, the Court will dismiss this case with prejudice for failure to prosecute. The Clerk is directed to send Plaintiff a copy of this Order: (1) at the address provided on the Court's docket; and (2) by email at the email address: tyrionhodges66@gmail.com. Mailed notice (ef, ) (Entered: 01/19/2023) |
| 01/19/2023 | | MAILED and Emailed copy of Order dated 1/17/23 to Tyson Hodges. (gcy, ) (Entered: 01/19/2023) |
| 02/02/2023 | 44 | PRO SE Appearance by Plaintiff Tyrion S. Hodges. (gcy, ) (Entered: 02/02/2023) |
| 02/03/2023 | | ORAL MOTION by Plaintiff Tyrion S. Hodges for appointment of counsel. (smm, ) (Entered: 02/03/2023) |
| 02/03/2023 | 45 | MINUTE entry before the Honorable John F. Kness: In-person status hearing held on 2/2/2023. Plaintiff Hodges appeared pro se and Defendants appeared through counsel. Plaintiff stated that, although he was aware of today's status hearing, he did not receive any copies of Defendants' filings. Plaintiff has since filed an updated pro |

| | | |
|---|---|---|
| | | se appearance 44 . For the reasons stated on the record, Plaintiff's oral motion for appointment of counsel is denied without prejudice. Plaintiff is granted leave to file a renewed motion for attorney representation on or before 2/17/2023. In an effort to facilitate communications between Plaintiff and counsel for Defendants, and thus to enable this litigation to proceed, the Court requests the following of defense counsel: (1) provide Plaintiff Hodges with a copy of the motion to deem requests as admitted 32 and continue to provide Plaintiff with courtesy copies of all filings, (2) file proof of service within three business days of service, and (3) schedule a meet and confer with Plaintiff on how to proceed with this litigation, on or before 3/3/2023. No later than 7 days after the filing of Defendants' proof of service, Plaintiff Hodges must: (1) file a response to the motion to deem requests as admitted 32 , (2) attend the scheduled meet and confer with Defendants, and (3) within 2 days of the completion of those steps, Plaintiff Hodges must file a short written status report stating that he has complied with the deadlines. The Court notes, it is Plaintiff's obligation to stay on top of the case. If Plaintiff fails to comply with this order, this case may be dismissed with prejudice for want of prosecution. See, e.g., James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) ("Once a party invoked the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break.") (cleaned up). The Clerk is directed to send Plaintiff a copy of this Order and a copy of a motion for attorney representation at the address indicated on the Pro Se Appearance 44 . Mailed notice(smm) (Entered: 02/03/2023) |
| 02/03/2023 | 46 | CERTIFICATE of Service by Jason Edward DeVore on behalf of Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu regarding order on motion for attorney representation,,,,,,,,, status hearing,,,,,,,,, set deadlines,,,,,,,, 45 (DeVore, Jason) (Entered: 02/03/2023) |
| 03/17/2023 | 47 | MOTION by Plaintiff Tyrion S. Hodges for Status hearing. (gcy, ) (Entered: 03/21/2023) |
| 03/17/2023 | 48 | RESPONSE to Defendants Interrogatories by Plaintiff Tyrion S. Hodges. (gcy, ) (Entered: 03/21/2023) |
| 03/17/2023 | 49 | RESPONSE to defendants Request to Admit by Plaintiff Tyrion S. Hodges. (gcy, ) (Entered: 03/21/2023) |
| 03/27/2023 | 50 | CERTIFICATE of Service by Jason Edward DeVore on behalf of All Defendants (DeVore, Jason) (Entered: 03/27/2023) |
| 03/27/2023 | 52 | MOTION by Plaintiff Tyrion S. Hodges for attorney representation for cause of conflict & intrest. (Attachments). (gcy, ) (Entered: 03/30/2023) |
| 03/28/2023 | 51 | STATUS Report by Plaintiff Tyrion S. Hodges. (ph, ) (Entered: 03/29/2023) |
| 03/28/2023 | 53 | RESPONSE to Motion to Deem 1-58 Admitted by Plaintiff Tyrion S. Hodges. (gcy, ) (Entered: 03/30/2023) |
| 05/05/2023 | 54 | STATUS Report by Tyrion S. Hodges. (Attachments). (gcy, ) (Entered: 05/08/2023) |
| 05/05/2023 | 55 | MOTION by Plaintiff Tyrion S. Hodges for attorney representation for cause of conflict & interest. (Attachment). (gcy, ) (Entered: 05/08/2023) |

| 06/26/2023 | 56 | NOTICE by Tyrion S. Hodges of Change of Address. (Envelope postmark date 6/20/23). (gcy, ) (gcy, ). (Entered: 06/27/2023) |
|---|---|---|
| 06/26/2023 | 57 | MOTION by Plaintiff Tyrion S. Hodges for Pretrial Conference. (Envelope postmark date 6/20/23).<br><br>(gcy, ) (Entered: 06/27/2023) |
| 07/05/2023 | 58 | MINUTE entry before the Honorable John F. Kness: Telephonic status hearing set for 7/20/2023 at 09:30 AM. Defense counsel is requested to make the appropriate arrangements for Plaintiff to appear by phone at the status hearing. The parties are to use the following call-in number: 888-684-8852, conference code 3796759. The public and media representatives may have access to the hearing via the same number. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Participants are directed to keep their device muted when they are not speaking. Mailed notice (ef, ) (Entered: 07/05/2023) |
| 07/20/2023 | 59 | MINUTE entry before the Honorable John F. Kness: Status hearing held and continued to 8/24/2023 at 9:00 a.m. via telephone conference. The parties are to use the following call-in number: 888-684-8852, conference code 3796759. The public and media representatives may have access to the hearing via the same number. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Participants are directed to keep their device muted when they are not speaking. The case is temporarily stayed until further order. Mailed notice (ags) (Entered: 07/21/2023) |
| 08/15/2023 | 60 | MOTION by Defendant Thomas Dart to continue *Jason DeVore*<br><br>(Attachments: # 1 Exhibit Exhibit A)(DeVore, Jason) (Entered: 08/15/2023) |
| 08/15/2023 | 61 | MINUTE entry before the Honorable John F. Kness: Defendants' Motion to continue 60 is granted. The telephonic status hearing set for 8/24/2023 is stricken. An **in-person** status hearing set for 9/1/2023 at 08:30 AM. Counsel for Defendants and Plaintiff Hodges are directed to appear **in-person** at the 9/1/2023 status hearing. Mailed notice (ef, ) (Entered: 08/15/2023) |
| 08/28/2023 | 62 | MINUTE entry before the Honorable John F. Kness: Due to a change in the Court's schedule, the in-person status hearing set for 9/1/2023 is reset for 8/31/2023 at 09:30 AM. Counsel for Defendants and Plaintiff Hodges are directed to appear in-person at the 8/31/2023 status hearing. Mailed notice (ef, ) (Entered: 08/28/2023) |
| 08/31/2023 | 63 | MINUTE entry before the Honorable John F. Kness: In-person status hearing held on 8/31/2023. Only counsel for Defendants appeared. As discussed on the record, a continued **in-person** status hearing is set for 9/18/2023 at 9:30 AM. Plaintiff Hodges is directed to appear **in person** at the 9/18/2023 hearing. Plaintiff is specifically warned that this case may be dismissed for want of prosecution if Plaintiff fails to appear. The Clerk is directed to send Plaintiff a copy of this Order: (1) at the address provided on the Court's docket; and (2) by email at the email address provided on the Pro Se Appearance form 44 . Mailed notice (ef, ) (Entered: 08/31/2023) |
| 08/31/2023 | | MAILED copy of Order dated 8/31/23 to Tyrion S. Hodges. Emailed copy of Order dated 8/31/23 to Tyrion S. Hodges. (gcy, ) (Entered: 08/31/2023) |
| 09/18/2023 | 64 | MINUTE entry before the Honorable John F. Kness: In-person status hearing held on 9/18/2023. Plaintiff Hodges appeared pro se and Defendants appeared through counsel. As explained on the record, although the Court summarily found Plaintiff in contempt for certain in-court conduct, the Court determined that an oral |

| | | |
|---|---|---|
| | | admonishment was sufficient to address the matter and thus imposed no sanction. Further substantive relief and direction will be provided by separate written order. Mailed notice (ef, ) (Entered: 09/18/2023) |
| 09/29/2023 | 65 | ORDER. Signed by the Honorable John F. Kness on 9/29/2023: Mailed notice (lp, ) (Entered: 09/29/2023) |
| 12/04/2023 | 66 | NOTICE by Tyrion S. Hodges of Change of Address. (Envelope post marked 11/28/23) (nsf, ) (Entered: 12/07/2023) |
| 12/04/2023 | 67 | NOTICE by Tyrion S. Hodges of Change of Address. (No Envelope postmark date). (gcy, ) (Entered: 12/07/2023) |
| 12/04/2023 | 68 | NOTICE by Tyrion S. Hodges of Change of Address. (Envelope postmark 11/28/2023). (jn, ) (Entered: 12/07/2023) |
| 12/04/2023 | 69 | NOTICE by Tyrion S. Hodges of Change of Address and email address. (Envelope postmarked 11/28/2023) (daj, ) (Entered: 12/07/2023) |
| 12/20/2023 | 70 | MOTION by Plaintiff Tyrion S. Hodges for default judgment.<br><br>(gcy, ) (Entered: 12/20/2023) |
| 12/28/2023 | 71 | MINUTE entry before the Honorable John F. Kness: The Court sets the following briefing schedule for Plaintiff's motion for default judgment 70 . Defendant's response is due on or before 1/10/2024. Plaintiff's reply (if any) is due on or before 1/24/2024. Mailed notice. (kp, ) (Entered: 12/28/2023) |
| 01/02/2024 | 72 | MOTION by Defendant Thomas Dart for sanctions *against Plaintiff Tyrion S. Hodges*<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B)(DeVore, Jason) (Entered: 01/02/2024) |
| 01/02/2024 | 73 | CERTIFICATE of Service *(Exhibit C to Defendants' Motion for Sanctions)* by Jason Edward DeVore on behalf of All Defendants (DeVore, Jason) (Entered: 01/02/2024) |
| 01/02/2024 | 74 | DIGITAL EXHIBIT submitted by Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (evw, ) (Entered: 01/02/2024) |
| 01/02/2024 | 🔒 75 | (Court only) DIGITAL EXHIBIT submitted by Beyer, Contorno, Draca, Duharkic, Garcia, J. Hernandez, Korkus, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescu (evw, ) (Entered: 01/02/2024) |
| 01/09/2024 | 76 | RESPONSE by Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, J. Hernandez, Mr. Irachera, J. Judkins, M. Koedyker, Korkus, Rochelle Parker, Rivera, Roman, Sheehan, Statler, Stroh, C. Zamfirescuin Opposition to MOTION by Plaintiff Tyrion S. Hodges for default judgment as to<br><br>70 (Radunsky, Troy) (Entered: 01/09/2024) |
| 02/05/2024 | 77 | MINUTE entry before the Honorable John F. Kness: Before the Court are competing motions filed by the parties: Plaintiff's motion 70 seeking entry of a default judgment, and Defendants' motion 72 asking the Court to dismiss the case |

| | | |
|---|---|---|
| | | with prejudice based on Plaintiff's alleged misconduct during his aborted videotaped deposition on 12/4/2023. Defendants have responded <u>76</u> to Plaintiff's motion, but Plaintiff has not yet been heard on Defendant's motion <u>72</u> . Plaintiff is given leave to file a written response to Defendants' motion for sanctions on or before 2/19/2024. Any reply by Defendants must be filed on or before 2/26/2024. A telephonic status hearing for case tracking purposes is set for 3/12/2024 at 9:30 A.M. Mailed notice. (exr, ) (Entered: 02/05/2024) |
| 02/26/2024 | <u>78</u> | REPLY by Defendants Beyer, J. Ciukaj, Contorno, Thomas Dart, Draca, Duharkic, Garcia, Mr. Irachera, J. Judkins, M. Koedyker, Korkus, Rochelle Parker, Rivera, Roman, Sheehan, Statler, Stroh to motion for sanctions <u>72</u> (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Stillman, Zachary) (Entered: 02/26/2024) |
| 02/26/2024 | <u>79</u> | REPLY by Defendant Thomas Dart to motion for sanctions <u>72</u> *(Amended)* (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C) (DeVore, Jason) (Entered: 02/26/2024) |
| 03/11/2024 | <u>80</u> | MINUTE entry before the Honorable John F. Kness: At the Court's instance, the status hearing set for 3/12/2024 is reset for 4/16/2024 at 9:30 A.M. The parties are to use the following call-in number: 888-684-8852, conference code 3796759. The public and media representatives may have access to the hearing via the same number. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Participants are directed to keep their device muted when they are not speaking. Mailed notice. (exr, ) (Entered: 03/11/2024) |
| 03/19/2024 | <u>81</u> | OBJECTION by Tyrion Hodges. (Attachments). (Received from the Clerk's Office Mail Room on 3/19/24). (gcy, ) (Entered: 03/19/2024) |
| 04/12/2024 | <u>82</u> | MINUTE entry before the Honorable John F. Kness: At the Court's instance, the status hearing set for 4/16/2024 is reset for 4/29/2024 at 9:30 A.M. The parties are to use the following call-in number: 888-684-8852, conference code 3796759. The public and media representatives may have access to the hearing via the same number. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Participants are directed to keep their device muted when they are not speaking. Mailed notice. (exr, ) (Entered: 04/12/2024) |
| 04/26/2024 | <u>83</u> | MINUTE entry before the Honorable John F. Kness: Defendants' motion for sanctions <u>72</u> and Plaintiff's objection <u>81</u> to it are taken under advisement. Accordingly, the status hearing set for 4/29/2024 is reset to 5/28/2024 at 9:30 A.M. The parties are to use the following call-in number: 888-684-8852, conference code 3796759. The public and media representatives may have access to the hearing via the same number. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Participants are directed to keep their device muted when they are not speaking. Mailed notice. (exr, ) (Entered: 04/26/2024) |
| 05/24/2024 | <u>84</u> | MINUTE entry before the Honorable John F. Kness: Defendants' motion for sanctions <u>72</u> and Plaintiff's objection <u>81</u> to it remain under advisement. At the Court's instance, and to accommodate pending resolution of the various motions, the status hearing set for 05/28/2024 is reset for 7/31/2024 at 9:30 A.M. The parties are to use the following call-in number: 888-684-8852, conference code 3796759. The public and media representatives may have access to the hearing via the same number. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Participants are directed to keep their device muted when they are not speaking. Mailed notice. (exr, ) (Entered: 05/24/2024) |
| 06/10/2024 | <u>85</u> | MINUTE entry before the Honorable John F. Kness: At the Court's instance, the motion and status hearing set for 7/31/2024 is reset for 6/27/2024 at 10:00 A.M. |

| | | That hearing will be held **in-person** in Courtroom 2125. Mailed notice. (exr, ) (Entered: 06/10/2024) |
|---|---|---|
| 06/28/2024 | 86 | MINUTE entry before the Honorable John F. Kness: Status hearing held 6/26/2024. Counsel for Defendants appeared. Plaintiff contacted the Clerk's office at 10:10 A.M. to advise the Court he was unable to attend the hearing due to a family matter. The matter is set for an in-person hearing 7/11/2024 at 9:00 A.M. in Courtroom 2125. Plaintiff is directed to appear in-person at the reset hearing. Plaintiff should be prepared to address the circumstances pertaining to his absence from the 6/26 hearing. If Plaintiff fails to appear at the hearing set for 7/11/2024, this case will be dismissed with prejudice. Mailed notice. (exr, ) (Entered: 06/28/2024) |
| 08/23/2024 | 87 | ORDER: Defendants' motion (Dkt. 72) for sanctions is granted, and the case is dismissed with prejudice as a sanction for discovery violations and in view of Plaintiff's failure to prosecute this action. Plaintiff's motion (Dkt. 70) for default judgment is dismissed as moot. See accompanying Statement for details. Enter separate final judgment order. Civil case terminated. Signed by the Honorable John F. Kness on 8/23/2024. Mailed notice. (exr, ) (Entered: 08/23/2024) |
| 08/23/2024 | 88 | ENTERED JUDGMENT. Mailed notice. (exr, ) (Entered: 08/23/2024) |
| 09/19/2024 | 89 | NOTICE of appeal by Tyrion S. Hodges regarding orders 87 , 88 . (Received by the Intake Counter on 9/19/24). (gcy, ) (Entered: 09/20/2024) |
| 09/20/2024 | 90 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 89 (gcy, ) (Entered: 09/20/2024) |